UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RUSSELL L. LEE, #1319,              *
4100 Massachusetts Ave.,            *
NW, Washington, DC 20016,           *
   202.364.1187                     *
         Plaintiff                  *
                                    *
         v.                         *
                                    *
CARL BRADFORD, as an                *
Official and as an                  *
Individual, 941 N.                  *
Capitol St., NE, Rm. 7200,          *
Washington, DC 20002;               *    CASE NUMBER 1:05CV01450
RENTAL HOUSING COMMISSION,          *
941 N. Capitol St., Rm.             *    JUDGE: Henry H. Kennedy
9200, Washington, DC                *
20002; AVALON COMMUNITIES,          *    DECK TYPE: Civil Rights (non-employment)
INC., 2900 Eisenhower Av.,          *
Third Floor, Alexandria,            *    DATE STAMP: 07/22/2005
VA 22314; RECITA T. EVANS,          *
941 N. Capitol St., NE,             *
Rm. 9400, Washington, DC            *
20002, CLARISSA THOMAS,             *
405 Eighth St, NE                   *
Washington, DC 20002                *
                                    *
         Defendants.                *

**COMPLAINT**

I.

Plaintiff for a cause of action against

Defendants, and each of them, complains and alleges

1

as follows:

II.

That Plaintiff and all Defendants are citizens of the United States of America, and are domiciled or reside in the metropolitan area of the District of Columbia; this Court has jurisdiction under 28 U.S.C.A. sections 1331(a) and 1343(3).

III.

That this action arises under the United States Constitution and particularly Article I, Section 8, Article IV, Section 4, Amendments XIII and XIV, and the laws of the United States, Title 28 U.S.C. sections 1331 and 1343; Title 42 U.S.C. Sections 1981-1988.

IV.

That at all times herein mentioned Plaintiff, an adult citizen of the United States, has had residence and domicile in the District of Columbia. The true identity and address of Plaintiff are known to Defendants and are contained

2

in the Complaint, now filed with this Court.

V.

That at all times herein mentioned Defendant Bradford was and still is the Rent Administrator of the Renal Housing Commission of the Department of Consumer and Regulatory Affairs for the District of Columbia whose defined duty is to carry out according to rules and procedures established by the Rental Housing Commission the rent stabilization program.

VI.

That at all times herein mentioned Defendant Rental Housing Commission was and is an appellate tribunal and may reverse, in whole or in part, any decision of the Rent Administrator which it finds to be arbitrary, capricious, an abuse of discretion or unsupported by substantial evidence on the record of the proceedings before the Rent Administrator, or it may affirm, in whole or in part, the Rent Administrator's decision.

VII.

That at all times herein mentioned Defendant Avalon Communities, Inc., was and is the owner of the housing accommodation located at 4100 Massachusetts Ave., NW, and is beneficiary of the conspiracy.

VIII.

That at all times herein mentioned Defendant Recita T. Evans was and is a Dispute Resolution Specialist at the Department of Consumer and Regulatory Affairs of the District of Columbia.

IX.

That at all times herein mentioned Defendant Clarissa Thomas was and is a duly licensed and practicing attorney within the District of Columbus who represented Plaintiff briefly in the underlying case.

X.

That Defendants, and each of them,

conspired to deprive Plaintiff of the equal protection of the laws of the District of Columbia, particularly those relating to the Rental Housing Act of the District of Columbia; and further conspired to deprive Plaintiff of those rights provided under the Constitution and laws of the United States and particularly those set forth in paragraph III herein, and conspired to impede, hinder, obstruct and defeat the due course and due process of law and justice in the District of Columbia; and further conspired to deprive Plaintiff of the rights, privileges and immunities secured by the Constitution and laws of the United States extended to citizens of the United States and particularly those set forth in paragraph III herein; that all of said acts and those set forth throughout this complaint were committed by Defendants, and each of them, while acting under color and pretense of the statutes, ordinances, customs and laws of the District of Columbia.

XI.

In furtherance of the object of the aforesaid conspiracy, Defendants acting under color and pretense of the statutes, ordinances, customs and laws of the District of Columbia, willfully acting in concert with each other and with the other Defendants, by themselves, each and all procuring, aiding and encouraging the other defendants, did purposely and systematically and intentionally discriminate against Plaintiff and subjected him to inequality of treatment which were not privileged or compelled by law, to defeat Plaintiff's action to enforce his right to treble damages under the Rent Stabilization Act of the District of Columbia. The order and particulars by which the conspiracy was carried out are as follow:

1. December 4, 1984: a corporation, 4100 Massachusetts Ave. Associates, filed a Certificate of Occupancy concerning the property located at 4100 Massachusetts Ave., NW, with the Rent

Administrator. The certificate indicates: the building contains 308 rental units.

2. On June 29, 1994, as Avalon obtained An interest in the property, it should have filed a new Certificate of Occupancy. It did not do so; instead, it filed the 1984 Certificate of Occupancy together with a Registration/*Claim* of Exemption.

3. May 3, 2003: Defendant AvalonBay Communities drastically increased Plaintiff's rent.

4. December 9, 2003: Plaintiff filed Tenant Petition #28,013, alleging the increase was illegal, that his unit was *not* properly registered and not exempt from rent control.

5. On February 4, 2004, Deborah Pitonyak, senior manager, testified during hearing that "The property located at 4100 Massachusetts Ave., NW, is exempt from rent control."

6. The Hearing Examiner, Carl Bradford, later, at that same hearing, took the position, "The property located at 4100 Massachusetts Ave.,

NW, has received an exemption from the District of Columbia Rent Control Act."

7.  Avalon Communities relies on D.C. Code section 42-3502.05(a)(2), but found no case law in support of is position.

8.  Plaintiff, in all papers and proceedings below, relies on D.C. Code section 42-3502.05(a)(3) as interpreted by the District of Columbia Court of Appeals primarily in *Price v. District of Columbia Rental Hous. Comm'n*, 512 A.2d 263. Section 42-3502.05(a)(3) provides, in relevant part: "Sections 42-3502.05 through 42-3502.19, except section 42-3502.17, shall apply to each rental unit in the District except: Any rental unit in any housing accommodation of 4 or fewer rental units, including any aggregate of 4 rental units whether within the same structure or not. . . ."

8.  February 4, 2004: at the hearing Carl Bradford attacked, by laughing at, *Price*. "I have read it many times," he said, then mumbling words

to the effect "There is something in *Price* against the Rental Housing Act."

10. May 24, 2004: Bradford dismissed the complaint, finding that "Respondent filed a valid Registration/Claim of Exemption on June 29, 1994 and the *property* was exempt from rent control," but cites no precedent or authority in support of decision; makes no reference to *Price;* nor gives a reason why *Price* would not control. He falsely ruled that "The housing accommodation (containing 308 units) is exempt from rent control." He gives lip service to the fact that "The landlord has the burden of proving that he is exempt from the coverage of the Rental Housing Act." The record evidence shows (Avalon's Exhibit #1, Copy of Certificate of Occupancy dated December 12, 1984) that the building at 4100 Massachusetts Ave., NW, contains 308 rental units. This evidence gave reason for the Rent Administrator and Avalon to collaborate and conspire together. The May 24

ruling constituted a desperate cover up move. The actual conspiracy commenced 21 years ago.

10. June 20, 2003: Plaintiff hired Clarissa Thomas (Thomas-Edwards) to represent him on appeal before the Rental Housing Commission. The RHC set a hearing for August 26, 2004, 10:00am.

11. August 25, 2004, around 10:00pm: Thomas withdrew from the case because the cases Plaintiff relied on, *Price v. District of Columbia Rental Hous. Comm'n*, 512 A.2d 263, 267-68 (D.C. 1986) and *Yasuna v. D.C. Rental Housing Comm'n*, 504 A.2d 605 (1986), "were overridden by *Seman v. D.C. Rental Hous. Comm'n*, 552 A.2d 863 (1989), and are no longer good law." "Your case is unwinnable," she said, aiding and abetting in the commission of the tort.

12. Thomas laughed at *Price* too, in a sense. She got what she wanted: She kept the retainer fee, $1500. She did nothing. She signed in. She signed out. She never intended to represent

10

Plaintiff in the first place.

13. Plaintiff then represented himself. At the August 26, 2004 hearing Rental Housing Commission, he testified that the property contains 308 rental units so that Avalon is not entitled to the small landlord exemption.

14. The Rental Housing Commission should have remanded this case more than a year ago. D.C. Code section 42-3502.16. Instead, it joined the conspiracy causing unnecessary delay, aiding and abetting.

15. August 26, 2004: Appellant reported the corrupt conduct of Bradford to Recita T. Evans, Dispute Resolution Specialist, Office of the General Counsel of the Department of Consumer and Regulatory Affairs. She "transmitted (Plaintiff's complaint) to Carl Bradford." In other words, she asked the henhouse fox to explain missing chickens and thereby joined the conspiracy.

16. In refusing to provide service to

11

Plaintiff, the Defendants Bradford, Evans and the RHC violated the Amended Human Rights Act of 2002 which prohibits unlawful discriminatory practice and harassment against Americans with Disabilities.

17.  Here we had intentional, purposeful Discrimination, the unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike.

## XII.

As a result of the foregoing acts of the Defendants, and each of them, Plaintiff was embarrassed, humiliated, suffered mental and emotional distress and discomfort, and also has sustained loss of peace of mind, and was deprived of his constitutional rights and his rights under the laws of the United States as set forth hereinabove to his damage in the sum treble damages pursuant to the rent control laws of the District of Columbia.

Defendants and each of them, in the acts above stated acted wantonly, maliciously and arbitrarily by virtue whereof Plaintiff is entitled to punitive damages in the sum of $100,000.00.

Wherefore, Plaintiff prays for judgment

against the defendants, and each of them, for the approximate sum of $225,000.00, plus interest as actual damages; and the sum of $100,000.00 as punitive damages; and for costs and disbursements occurred herein.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: July 22, 2005

Respectfully submitted,

_____
Russell L. Lee

#1319,
4100 Massachusetts Ave., NW
Washington, DC 20016
202.364.1187