# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA
## CIVIL DIVISION

RUSSELL L. LEE,                          )
             Plaintiff,              )
                       )
Vs.                                      )  Ca 105CV01450
                       )
                       )  Judge Henry H. Kennedy
CARL BRADFORD,et al.,                    )
             Defendants               )

## DEFENDANT CLARISSA T. EDWARDS
## MOTION TO DISMISS AND FOR ATTORNEY FEES, SANCTIONS

Defendant, Clarissa T. Edwards, Inc., herby moves this Court to dismiss the

Complaint with prejudice filed by Plaintiff Russell L. Lee for failure to state a claim upon

which relief can be granted, and for sanctions and/or attorney's fees for having to respond

to the frivolous and baseless complaint. As further grounds, the Court is respectfully

referred to the attached Memorandum of Points and Authorities.

Respectfully Submitted,

Clarissa T. Edwards 434607
**THE LAW OFFICE OF C.
THOMAS, CHARTERED
405 8TH STREET NE
WASHINGTON DC 20002
OFFICE 202-546-0638
FAX 202-543-2623**

# RECEIVED

NOV – 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **RUSSELL L. LEE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Ca 105CV01450 |
| | ) |
| | ) Judge Henry H. Kennedy |
| **CARL BRADFORD,et al.,** | ) |
| | ) |
| Defendants | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, Clarissa Edwards, Inc., herby moves this Court to dismiss the Complaint filed

by Plaintiff Russell L. Lee for failure to state a claim upon which relief can be granted,

and for attorney fees and sanctions pursuant to Rule 11, filing of frivolous pleading. As

further grounds, Clarissa Edwards respectfully states as follows:

### INTRODUCTION

The Plaintiff has previously filed this same suit in Superior Court of the District of

Columbia. See Russell Lee v Clarissa Thomas, et al Ca05-3114. The same was dismissed

for failure to state a cause of action. Mr. Lee filed an appeal of the same(See 05-CV696).

In addition, Mr. Lee has previously filed several other baseless and frivolous claims. )

Lee has previously filed several other baseless and frivolous claims. ) Russell Lee v Mattie Johnson, Russell Lee v Pitonyak TP,28,013  Russell Lee v State Compensation Insurance Fund 02CV02411,Russell Lee v State Compensation Insurance Fund Ca3859-04 (case dismissed) Russell Lee v State Compensation Insurance Fund Ca414-04, Lee v State Compensation Fund CV04-778. All of these cases were dismissed at the lower level. It is believed that some are on appeal in Superior Court and /or were refilled in the Federal District Court, dismissed then appealed.  Mr. Lee, who a review of Superior Court records would reveal is a frequent Plaintiff, has filed an utterly baseless Complaint alleging some vast conspiracy between Clarissa T. Edwards and various District of Columbia employees and agencies.  Mr. Lee's Complaint is merely another in a long string of attempts to harass Clarissa T. Edwards and no doubt others.  This Court should not reward Mr. Lee's abuse of the Court's process, and should dismiss this baseless and harassing Complaint, and enter sanction for the filing of this frivolous law suit. Mr. Lee had filed this identical lawsuit in Superior Court, as previously noted. Defendant Avalon Bay filed a motion to dismiss this suit the same was granted. Mr. Lee has now filed this same suit in federal District Court. Mr. Lee repeatedly filed baseless and frivolous claims. In addition, Carl Bradford is an employee of the District of Colombia. Thus, an alleged conduct would have been while he was employed as a D.C employee. The rental accommodation can not be sued in its individual capacity. The District of Colombia must be named as a party. Furthermore, there is no evidence in the complaint to demonstrate that notice was provided to the District in accordance with DC Code 12-309 prior to filing the suit. Thus, the claim against the District of Colombia must fail also.

# ARGUMENT

## I.    The Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

Mr. Lee's Complaint appears to state a claim for "conspiracy." Under District of

Columbia law, the elements of civil conspiracy are: 1) an agreement between two or

more persons; (2) to participate in an unlawful act, or in a lawful in an unlawful manner;

(3) an injury caused by an unlawful overt act performed by one of the parties to the

agreement (4) pursuant to, and in furtherance of, the common scheme. See *Griva v.*

*Davison,* 637 A.2d 830, 848 (D.C. 1994). Mr. Lee does not plead anything relating to

any of the elements, and his Complaint must, therefore, be dismissed.

## A. Mr. Lee Does Not Allege an Agreement between Two or More Persons, Nor a Common Scheme.

To survive a dispositive motion, there must be some evidence of a lawful agreement. *See*

*Weishapl v. Sowers,* 771 A.2d 1014, 1024 (D.C. 2001) (affirming dismissal of civil

conspiracy claim because there was "no evidence of an unlawful agreement"). Mr. Lee's

Complaint merely states baldy that the Defendants "conspired to deprive Plaintiff of the

equal protection of the laws of the District of Columbia, particularly those relating to the

Rental Housing Act of the District of Columbia .... He goes on to allege that the

defendant "conspired" to deprive him of the rights provided to him by the following;

Article I, § 4 of the United States Constitution ( Federal protection of States and the

Republican form of government); The Thirteenth Amendment to the Constitution (Abolition of Slavery); the Fourteenth Amendment to the Constitution ( equal protection, due process, and privileges and immunities); 28 U.S.C 1331 and 1343 ( giving original jurisdiction to Federal District Courts); and 42 U.S.C. §§ 1981-1988 (civil rights). Complaint at ¶¶ III and X. Finally, he says in furtherance of the tort, Clarissa Thomas withdrew from the Rental Housing matter. .

It is inconceivable in reviewing the Complaint to determine just how he alleges that Clarissa T. Edwards had an agreement with any of the other Defendants to deprive Mr. Lee of any of the rights enumerated in his Complaint, as, of course, there was none. In fact, Mr. Lee alleges no relationship at all between Clarissa and any of the others Defendants. Indeed, there is no relationship between Clarissa and any of the other Defendants, other than the fact that Clarissa has appeared as a party before Mr. Bradford and the Rental Housing Commission. It follows, then, that there is no "common scheme or agreement." Mr. Lee's Complaint, therefore, must be dismissed with prejudice. Furthermore, as noted in the attached consent pracipe, Mr. Lee consented to Mrs. Edwards withdrawing from the Rental Housing matter. Thus, if he consented to the same. Clearly, Mrs. Edwards's withdrawal could not have been a part of any conspiracy.

B.    **Mr. Lee fails to Allege and Injury Caused by an Unlawful overt Act    
Performed by One of the Parties.**

Mr. Lee alleges no concrete injury - only that he was "embarrassed, humiliated, suffered mental and emotional distress and discomfort, and also has sustained loss of

peace of mind....". It is not sufficient to allege baldly emotional damages. "In general,' a case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"" *Homan v. Goyal,* 711 A 2d 812, 818 (D.C. 1998) (quoting Restatement (Second) of Torts §§ 46 (1965)). Further, "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not constitute the "extreme and outrageous conduct necessary to recovery damages for emotional distress." *Homan, supra* note 4, 711 A.2d at (quoting *Waldon v. Covington,* 415 A.2d 1070, 1076 (D.C. 980)(citations omitted)).

In order to recover emotional damages, moreover, "plaintiff must suffer from severe emotional distress' of so acute a nature that harmful physical consequences might be not unlikely to result." *Kitt v.Capital Concerts, Inc.,* 742 A.2d 856 (D.C. 1999) (quoting *Sere v. Group Hospitalization, Inc.,* 443 A.2d 33, 37 (D.C.), cert. denied, 459 U.S. 912,103 S. Ct. 221, 74 L.Ed.2d 176 (1982)). Mr. Lee does not allege any such damages, but only baldly says that he suffered some vague emotional damages. This is not sufficient. Mr. Lee's Complaint therefore must be denied.

Furthermore, Mr. Lee fails to indicate what conduct; Mrs. Edwards did that violated the constitution, or any other statute. The accusations in the complaint are merely self-serving declarations without any facts to support the same. Based on the same, Mr. Lee's complaint should be dismissed. As previously noted, Mr. Lee has this same suit in Superior Court which is now on appeal. Thus, the instant matter should also de dismissed. Finally, Mr. Lee sued the wrong parties pertaining to the District of Columbia.

Finally, there is no evidence that a DC Code 12-309 notice was served prior the asserting the claim against the District.

## CONCLUSION

Mr. Lee's only real complaint is that "justice delayed is justice denied." He claims a conspiracy between various District employees and agencies, his landlord, and his former attorney to delay his "justice." The fact is that cases do not always move through the Rental Housing commission as quickly as the parties would hope. However, Clarissa is neither responsible for nor accountable for the Commission's schedule. She has no relationship whatsoever to the Commission or its employees. She also did not have any conversation with the Rental Housing or Commission. Indeed, the allegations in the complaint to not suggest the same. Given the facts in the light most favorable to Mr. Lee, he absolutely cannot prove a conspiracy between Clarissa and any other Defendants to deprive Mr. Lee of his rights. His Complaint, therefore, must be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, the Defendant, Clarissa T. Edwards, respectfully requests that this court dismiss the Plaintiff's complaint with prejudice, order sanction and attorney fees for having to respond to the frivolous complaint and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Clarissa T. Edwards 434607
**THE LAW OFFICE OF C.**



**THOMAS, CHARTERED**
**405 8TH STREET NE**
**WASHINGTON DC 20002**
**OFFICE 202-546-0638**
**FAX 202-543-2623**

## CERTIFICATE OF SERVICE

I, Clarissa T. Edwards hereby certify that a copy of this document was mailed first class prepaid postage on November 3,05 to the following:

Melissa s. Polito, Esquire
1828 L Street, NW
Suite500
Washington, DC 20036

Mr. Russell L. Lee
4100 Massachusetts Avenue, NW Apt 1319
Washington, DC 20036

Mr. Carl Bradford
Defendant
941 N. Capitol Street, NE
Room 7200
Washington, DC 20002

Rental Housing Commission
Defendant
941 N. Capitol Street, NE
Washington, DC 20002

Ms. Recita T. Evans
Defendant
941 N. Capitol Street, NE
Room 9400
Washington, DC 20002

Clarissa T. Edwards 434607

RENTAL HOUSING COMMISSION
DISTRICT OF COLUMBIA GOVERNMENT
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
941 North Capital Street, NE
Suite 9200, Washington, DC 20002

RUSSELL L. LEE,

    Tenant/Petitioner

                                  TP/ 28,013

v.

AVALON COMMUNITIES

    Housing Provider/Respondent

## CONSENT PRAECIPE

The clerk of the agency will please note the withdrawal of the appearance of Clarissa Thomas and The Law Office of C. Thomas, Chartered as counsel for the petitioner, Russell L. Lee and enter the appearance of Russell L. Lee as pro-se for the petitioner by consent of the petitioner and Clarissa Thomas.

_____
Clarissa Thomas      434607
The Law Office of C. Thomas, Ch.
403-405 8th Street, NE
Washington, DC 20002
Counsel for Petitioner

_____
Russell L. Lee / Pro-se
4100 Massachusetts Avenue, NW
Apt 1319
Washington, DC 20016

## CERTIFICATE OF SERVICE

I, Clarissa Thomas hereby certify that a copy of this consent praecipe was hand-delivered to The Rental Housing Commission at 941 North Capital Street, NE Washington, DC on this 26th day of August, 04 and a copy was faxed to Melissa S. Polito at 301-952-9752 on August 25, 04 .

_____
Clarissa Thomas

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR. 0 8 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| RUSSELL L. LEE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-00-108 |
| | § | |
| STATE COMPENSATION INS. FUND | § | |

## O R D E R

Before the Court is a complaint filed on February 28, 2000, by Plaintiff, who is proceeding *pro se*. In the complaint, Plaintiff has pleaded common law claims of breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress with respect to irregularities in the payment of his temporary and permanent disability benefits. The complaint contains several citations to the California Labor Code.

Plaintiff predicates subject matter jurisdiction solely on diversity of citizenship under 28 U.S.C. § 1332, based on allegations that he has been domiciled in Texas since March of 1998 and that California has been "the domicile, residence, and principal place of business for defendants." According to the complaint, Defendant is a public entity providing workers' compensation insurance coverage to public employers in the State of California. Although the Insurance Fund is the only named defendant, Plaintiff identifies the California Department of Corrections, for whom he worked as a teacher, as the "Real Party in interest" and Defendant as its mere "Adjusting Agent."

1

Venue in a diversity-of-citizenship case is governed by 28 U.S.C. § 1391(a), which provides that such cases may only be brought in a judicial district where any defendant resides, if all defendants reside in the same state; or in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or if there is no other judicial district wherein the action may be brought, then in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. Under this statute, venue would not be proper in this District and Division, but would appear to lie in the district court in California where Defendant is located. *See* 28 U.S.C. § 84, which sets forth the county-by-county make-up of the four judicial districts into which the State of California is divided.

Under 28 U.S.C. § 1406(a), a district court enjoys the power to dismiss any civil action when a case has been filed laying venue in the wrong district or to transfer a case to an appropriate venue when transfer would serve the interests of justice. In the opinion of this Court, dismissal under section 1406 is warranted in the instant case.

Accordingly, it is hereby ORDERED that this case is DISMISSED without prejudice.

DONE at Galveston, Texas, this 8 day of March, 2000.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

2

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 03-7138**                                    **September Term, 2004**

**02cv02411**

**Filed On:**

Russell L. Lee,
      Appellant

   v.

State Compensation Insurance Fund,
      Appellee

> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
>
> FILED | MAR 14 2005
>
> CLERK

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE**:  Ginsburg, Chief Judge, and Sentelle and Garland, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's order filed September 9, 2003, dismissing for lack of personal jurisdiction, be affirmed.  The requisite minimum contacts between appellee and the District of Columbia are lacking. See D.C. Code §13-423(a)(1); Helmer v. Doletskaya, 393 F.3d 201, 206 (D.C. Cir. 2004).  Because the district court lacked personal jurisdiction, the court lacked authority to address the merits of appellant's arguments relating to the matter of full faith and credit.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

*10/7/04*

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
LANDLORD AND TENANT BRANCH

AVALON BAY COMMUNITIES ........................ :
                                                :
                            Plaintiff,          :
                                                :
v.                                              :        Civil Action No.: 04LT7653
                                                :        Calendar 6
RUSSELL LEE                                     :        Judge Alprin
                                                :
                            Defendant.          :

## ORDER

        This matter was set for pretrial on September 30, 2004 at 4:30 p.m.
Plaintiff's counsel, plaintiff's representative and defendant's counsel
appeared. Defendant did not appear. Plaintiff moved to strike defendant's
jury demand as a sanction for his non-appearance at the pretrial conference.
Defense counsel advised the court that defendant was aware of the court's
date and time. An examination of the file revealed that defendant had raised
as housing code violations a broken microwave, clogged drain, broken grill and
rodent infestation. The court was advised that the rodent infestation claim
problem had been rectified and was no longer an issue.
In these circumstances this case appears to be a standard landlord and tenant
matter in which non-payment of rent is the significant issue.
        Accordingly, the court has concluded that plaintiff's oral motion to
strike the jury demand should be granted and the case should be returned to
the Landlord and Tenant Branch for a scheduling of a bench trial.
        Therefore it is the 1ˢᵗ day of *Oct*, 2004,
        ORDERED, that Plaintiff's oral motion to strike the defendant's jury
demand is granted; and it is further ordered the parties shall appear in landlord

and tenant branch on October 14, 2004 for a status hearing so that a bench trial date can be selected.

Geoffrey M. Alprin
Associate Judge
(Signed In Chambers)

Copies to:

Melissa S. Polito, Esq.
1828 L Street, NW
Suite 500
Washington, DC  20036

Clarissa Thomas, Esq.
413 8th Street, NE
Washington, DC  20002

MAILED    OCT 0 5 2004

DOCKETED OCT  5 2004

2

RCW
12/30/04

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION**
941 North Capitol Street NE, Room. 9200
Washington, DC 20002

RUSSELL L. LEE,                    :
  Tenant/Appellant              :
                                :
     v.                       : TP No. 28,013
                                :
DEBORAH PITONYAK,                  :
  Housing Provider/Appellee.:

## <u>RELEASE OF COUNSEL</u>

Clarissa Thomas is hereby released as attorney

for Tenant Russell L. Lee in this case.

On August 25, 2004, Thomas made it more than

Clear that she wants out of this case, assuming the

position that she cannot win because *Yasuna* and

*Price,* *both* supportive of Appellant's case, were

reversed by *Seman* and cease to be good law.

Even if she is right, as it pans out, she

nonetheless voluntarily should return the retainer

fee seeing that all she accomplished in this case

was to sign in and sign out.

In any case, Counsel is released and is free

to go.

DATED: December 27, 2004.

Respectfully,

Russell V. Lee
#1319
4100 Massachusetts Ave., NW
Washington, DC 20016

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a true and correct copy of the foregoing upon the defendant by depositing a copy of the same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

Clarissa Thomas
The Law Offices of C. Thomas
403-405 8th Street, NE
Washington, DC 20002

Melissa S. Polito
9200 Basil Court
Suite 300
Largo, Maryland 20774

This 12th day of October 2004.

RUSSELL L. LEE

2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RUSSELL L. LEE                          :

    Plaintiff                         :

                            :   Civil Action 04-414

      v.                              :

                             :   Calendar 2—Judge Michael Rankin

STATE COMP. INS. FUND                   :

    Defendant                         :

## ORDER

Before the court is plaintiff's motion to reconsider the court's previous order dismissing his complaint with prejudice. In the instant motion, plaintiff asserts that the court's order dismissing his complaint contained two factual allegations and no conclusion of law. In fact, the court's prior order is a conclusion of law and the court hereby reaffirms that prior order holding that it has no personal jurisdiction over the defendant, and, in any event, the complaint failed to state a claim for which relief can be granted.

It is so ordered.

_Michael Rank_
**MICHAEL L. RANKIN**
**Judge**
(Signed in Chambers)

May 25, 2004
Copies to:

Peter M. Boyle, Esquire
Kilpatrick Stockton, LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005

Russell L. Lee
4100 Massachusetts Avenue, N.W.
Suite 1319
Washington, D.C. 20016

DOCKETED JUN 16 2004

MAILED JUN 16 2004

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## No. 03-7138

## September Term, 2004

**02cv02411**

**Filed On:**



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

**FEB 25 2005**

CLERK

Russell L. Lee,
        Appellant

    v.

State Compensation Insurance Fund,
        Appellee

**BEFORE**:  Ginsburg, Chief Judge, and Sentelle and Garland, Circuit Judges

## O R D E R

The court concludes, on its own motion, that oral argument will not assist the court in this case. Accordingly, the court will dispose of the appeal without oral argument on the basis of the record and the presentations in the briefs. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).

**Per Curiam**

**THE LAW OFFICE**
**OF**
**C. THOMAS, CHARTERED**
**403-405 8th Street, NE**
**Washington, DC 20002**
**(202) 546-0638**
**(202) 543-2623 (FAX)**

March 3, 2005

Mr. Russell Lee
1007 I Street, NE
Washington, DC 20002

           **RE:**    **Lee v. State Compensation**

Dear Mr. Lee:

      Enclosed please find copy of the notice that we recently received in connection with the above-captioned matter.

      Should you have any questions, do not hesitate to contact our office.

                              Sincerely,

                              Clarissa T. Edwards

CTE/mdt