**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUSSELL L. LEE, | * |
| | * |
| Plaintiff | * |
| | * Ca 105CV01450 |
| v. | * |
| | * Judge Henry H. Kennedy |
| CARL BRADFORD, et al., | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
CLARISSA T. EDWARDS' MOTION TO DISMISS AND
FOR ATTORNEY FEES, SANCTIONS**

COMES NOW the Plaintiff Russell Lee and opposes Defendant Clarissa T. Edwards' motion to dismiss the Complaint.

This opposition is based upon this opposition, the Memorandum of Points and Authorities filed herewith, all pleadings, papers, records and documentary materials on file or deemed to be on file, those relevant matters of which this Court may properly take judicial notice and upon such other evidence and materials this Court may consider.

Dated: November 14, 2005

1

Respectfully submitted,

_____
Russell L. Lee, pro se
#1319,
4100 Massachusetts Ave., NW
Washington, DC 20016
202.364.1187

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL L. LEE,                *
                               *
      Plaintiff                *
                               * Ca 105CV01450
      v.                       *
                               * Judge Henry H. Kennedy
CARL BRADFORD, et al.,         *
                               *
      Defendants.              *

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT CLARISSA T. EDWARDS' MOTION TO DISMISS AND FOR ATTORNEY FEES, SANCTIONS**

The Complaint is serious. Since the underlying, administrative judgment is void, the Superior Court judgment is void as well - for these reasons:

*IMPROPER REGISTRATION*

The administrative action arose because Avalon demanded a rent increase of $414 per month, a violation of D.C. Code 42-3509.01(a) which provides:

> Any person who knowingly (1) demands or receives any rent for a rental unit in excess of the maximum allowable rent applicable to that rental unit under the

3

provisions of subchapter II of this chapter, or (2) substantially reduces or eliminates related services previously provided for a rental unit, shall be held liable by the Rent Administrator or Rental Housing Commission, as applicable, for the amount by which the rent exceeds the applicable rent ceiling or for treble that amount (in the event of bad faith) and/or for a roll back of the rent to the amount the Rent Administrator or Rental Housing Commission determines.

Avalon failed, as the evidence shows, to secure a new Certificate of Occupancy in 2003 upon purchasing a direct ownership interest in the housing accommodation located at 770 5th Street, Washington, D.C. N.W., a building of 203 units.

"In determining whether or not rental units are exempt from coverage under D.C. Code section 42-3502.05(a)(2)(C), the following criteria shall apply":

> (c) Any individual who has an *ownership interest, direct or indirect*, in five (5) or more rental units, whether in the same structure or in different structures, is subject to the Act as are all the units in which the individual has an interest.
> 30 D.C. Reg. 6220 (1983) (emphasis added).

*Cambridge Management v. District of Columbia*, 515

4

A.2d 721, 724 (D.C. 1986). Thus, the property at Massachusetts Avenue is subject to the rent control laws of the District of Columbia because it is not properly registered.

### EDWARDS' ROLE IN THE CONSPIRACY

The Complaint alleges:

> Defendants, and each of them, conspired to impede, hinder, obstruct and defeat the due course and due process of law and justice in the District of Columbia; and further conspired to deprive Plaintiff of the rights, privileges and immunities secured by the Constitution and laws of the United States.

On July 20, 2004, Edwards agreed to represent Plaintiff at a hearing before the Rental Housing Commission scheduled for August 26, 2004. However, on August 26, 2004, around 9:00pm, she suddenly withdrew from the case telling Plaintiff "Your case is unwinnable." *Price* and *Yasuna*, cases Plaintiff relied on, were reversed by *Seman* and are no longer good law, she said. She took no position on the Certificate of Occupancy or on other laws which subject landlords to rent control Laws of the

5

District of Columbia because she knew nothing of them at the time and likely knows nothing now.

She and her coconspirators cite to no case law in support of their position the property is exempt from rent control. They rely upon statutory law, that D.C. Code section 42-3502.05(a)(2) trumps D.C. Code 42-3502.05(a)(3). However, never has this Court has ruled that a building built after 1975, containing five or more units, is exempt from rent control, though "All rental units owned by partnerships and corporations are subject to the Act irrespective of how many units are owned. D.C. Code § 45-1516(a)(3)." *Price v. District of Columbia Rental Hous. Comm'n,* 512 A.2d 263. Edwards knew that dismissal of this case was unfounded in law.

### THE RETAINER FEE

Edwards refuses to return the retainer fee, $1500.00, though she knows she has no grounds for keeping it. She thinks she can take it without

6

consequence, that the system will protect her never mind her taking ways.

> In connection with any termination of representation, a lawyer shall take timely steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned.

D.C. Bar Appx. A, Rule 1.16(d). Thus, a lawyer cannot circumvent the requirements by affixing her signature to a CONSENT PRAECIPE. In *Atlantic Petro. Corp. v. Jackson Oil*, 572 A.2d 469 (1990),

Counsel simply signed into this case and signed out. She abandoned her client at the eleventh hour.

Edwards attached to her motion a copy of an order which deals with a microwave, a broken grill, a clogged drain, and rodents. Plaintiff first became aware of the existence of this order several days ago on receipt of the motion. Edwards decried the rodents because in an appearance before the

7

Landlord and tenant Branch of the Superior Court of the District of Columbia a year or so ago. Subsequently Plaintiff wrote to her and said "We've got to get rid of the rodents, your creation not mine."

Never has there been a problem in Plaintiff's apartment with rodents. In fact, it literally is impossible for rodents to exist in Plaintiff's Apartment. Apartments here are too tightly constructed to accommodate the lifestyle of rodents. Counsel's use of deceit was not called for. Treble damages are awarded due to housing code violations, not due to rodents.

### EMOTIONAL DAMAGES

Bill Gates may not suffer emotional damages if someone sells him a bill of services to the tune of $1500. But $1500 to Plaintiff is a lot of money - especially since he got nothing for it. Plaintiff was expecting treble damages. The way the examiner circumvented application of relevant law in order

8

to deny him the award has been emotionally draining. All the evidence was/is in Plaintiff's favor.

### CONCLUSION

All the coconspirators sided with the examiner, aiding and abetting. Nor has Plaintiff had a full and fair opportunity to litigate.

Dated: November 14, 2005

Respectfully submitted,

Russell L. Lee
#1319
4100 Massachusetts Ave., NW
Washington, DC 20016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Opposition** was mailed postage prepaid this 14th day of November 2005 to:

Clarissa T. Edwards
The Law Offices of C. Edwards
405 8th Street, NE
Washington, DC 20002

RUSSELL L. LEE