UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL L. LEE,            )
                           )
         Plaintiff,        )
                           )
    v.                     )  No. 05-cv-1450(HHK)
                           )
CARL BRADFORD, et al.,     )
                           )
         Defendants.       )

### MOTION FOR AN ORDER COMPELLING COUNSEL TO RETURN RETAINER FEE

COMES NOW the Plaintiff and moves the Court, pursuant to Rule 1, F.R.Civ.P., for an order compelling Counsel Clarissa T. Edwards to reimburse Plaintiff his retainer fee.

More details grounds for this Motion are more fully set forth in the attached memorandum of points and authorities.

This 16th day of December 2005.

Respectfully submitted,

_____
Russell L. Lee

RECEIVED

DEC 19 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUSSELL L. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-cv-1450(HHK) |
| | ) |
| CARL BRADFORD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR AN ORDER COMPELLING**
**COUNSEL TO RETURN RETAINER FEE**

*INTRODUCTION*

On July 20, 2004, Defendant charged a +$1500 retainer fee to Plaintiff to represent Plaintiff, as she put it, in an "Appeal w/DC Rental Housing Accommodations."

On entering the case on or about July 20, 2004, Edwards assured the Rental Housing Commission (RHC) as to the fact that Plaintiff's "claims and other legal contentions are warranted by existing law and have evidentiary support or are likely to have evidentiary support." She changed her mind, a month later: "Your case is unwinnable."

2

Edwards decided to withdraw her appearance as counsel for Plaintiff because *Price v. District of Columbia Rental Hous. Comm'n*, 512 A.2d 263, 267-68 (D.C. 1986); and *Yasuna v. D.C. Rental Housing Comm'n*, 504 A.2d 605 (1986) (cases Plaintiff relies on), were overridden by *Seman v. D.C. Rental Hous. Comm'n*, 552 A.2d 863 (1989). Judicially the Court may notice: these cases are not in conflict.

On August 25, 2004, around 10:00pm, shortly after commencing preparation for a hearing set for August 26, 2004 at 2:00pm, Edwards mislead Plaintiff into signing a CONSENT PRAECIPE dated August 26, 2004, which indicates withdrawal of her appearance as Plaintiff's representative. She would cause the praecipe to be "hand-delivered the next morning to the RHC at 941 N. Capitol Street, NE." It was not delivered. It violates Rule 1.16(d) of D.C. Rules of Professional Conduct, which provides:

> In connection with any termination of representation, a lawyer shall take timely steps to the extent reasonably practicable to protect a client's interests, such as

3

> giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned.

A lawyer cannot circumvent the Rules Based on the allegedly that she read copies of 3 cases at the eleventh hour. It is illegal, if not fraudulent, for a lawyer to abandon her client on the morning of a scheduled hearing. *Atlantic Petro. Corp. v. Jackson Oil*, 572 A.2d 469 (1990). An honest lawyer does not wait until the last minute to prepare for battle.

The District has laws on the books against defrauding senior citizens. Separate from that, D.C. Code section 22-3831(b)(1), (2) provides:

> (b) A person commits the offense of theft if that person wrongfully obtains or uses the property of another with intent: (1) To deprive the other of a right to the property or a benefit of the property; or (2) To appropriate the property to his or her own use. . . .

In the RHC action, all Counsel accomplished was to sign in and sign out, nothing more – save to

4

cause Plaintiff emotional distress and pain. As the facts suggest, Edwards' only intent in this case was to take the retainer fee. Her whole design and scheme smacks of clear-cut malpractice.

WHEREFORE, respectfully, Plaintiff requests that the Court:

a) Cause Counsel to reimburse Plaintiff his $1500 retainer fee, plus interest;

b) award Plaintiff costs of this action together with attorney's fees; and

c) award such other and further relief which to the Court seems just and proper.

Dated: December 16 2005.

Respectfully submitted,

Russell L. Lee, pro se
#1319
4100 Massachusetts Ave., NW
Washington, DC 20016

5

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a true and correct copy of the foregoing upon the defendant by depositing a copy of the same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

Clarissa T. Edwards, Esquire
403-405 8th Street, NE
Washington, DC 20002

This 16th day of December 2005.

Russell L. (Lee)

#1319
4100 Massachusetts Ave., NW
Washington, DC 20016