UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL L. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 1:05CV01450 |
| ) | Judge Henry H. Kennedy |
| CARL BRADFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANT AVALONBAY COMMUNITIES, INC.'S MOTION TO DISMISS**

The Defendant, AvalonBay Communities, Inc., through counsel, hereby moves this Court to dismiss the Complaint filed by Russell L. Lee. The Complaint is identical to a Complaint filed by Mr. Lee against the same parties at the District of Columbia Superior Court, where it was dismissed. Mr. Lee noticed an appeal of the dismissal. Mr. Lee's claims are barred by the doctrines of *res judicata* and collateral estoppel. The Complaint, moreover, fails to state a claim upon which relief may be granted. For further grounds, the Court is respectfully referred to the attached Memorandum of Points and Authorities.

WHEREFORE, for the foregoing reasons, the Defendant, AvalonBay Communities, Inc., respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

MARGOLIUS, MALLIOS & RIDER, LLP

_____
Nat N. Polito, #453365
1828 L Street, NW
Suite 500
Washington, D.C. 20036
(202) 296-1000
*Counsel for Defendant AvalonBay Communities, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of December, 2005, a copy of Defendant AvalonBay Communities, Inc.'s Motion to Dismiss, Memorandum of Points and Authorities, and Proposed Order were sent via first class mail, postage prepaid, to:

Mr. Russell L. Lee
Plaintiff *Pro Se*
4100 Massachusetts Avenue, NW
Unit 1319
Washington, D.C. 20016

Mr. Carl Bradford
Defendant
941 N. Capitol Street, NE
Room 7200
Washington, D.C. 20002

Rental Housing Commission
Defendant
941 N. Capitol Street, NE
Room 9200
Washington, D.C. 20002

Clarissa Thomas, Esquire
Defendant
405 Eighth Street, NE
Washington, D.C. 20002

Ms. Recita T. Evans
Defendant
941 N. Capitol Street, NE
Room 9400
Washington, D.C. 20002

                                                  _____
                                                  Nat N. Polito

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL L. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 1:05CV01450 |
| ) | Judge Henry H. Kennedy |
| CARL BRADFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT
## AVALONBAY COMMUNITIES, INC.'S MOTION TO DISMISS

The Defendant, AvalonBay Communities, Inc. ("Avalon"), through counsel, hereby moves this Court to dismiss the Complaint filed by Russell L. Lee ("Mr. Lee"). The Complaint is identical to a Complaint filed by Mr. Lee against the same parties at the District of Columbia Superior Court, where it was dismissed. Mr. Lee noticed an appeal of the dismissal. Mr. Lee's claims are barred by the doctrines of *res judicata* and collateral estoppel. The Complaint, moreover, fails to state a claim upon which relief may be granted. As further grounds, Avalon. respectfully states the following:

### INTRODUCTION

For the past two years, Avalon has been in virtually perpetual litigation with Mr. Lee. Mr. Lee has brought and lost cases against Avalon before the District of Columbia Rental Housing Commission, at Superior Court, and now at the United States District Court. Each case involves the same set of facts. In fact, the Complaint filed herein is identical to that filed at Superior Court and dismissed by the Court on Avalon's Motion to Dismiss. Mr. Lee is abusing the process of this and other judicial bodies in order to harass Avalon and others. His Complaint, barred by *res judicata* and baseless on its face, should be dismissed.

## PROCEDURAL BACKGROUND

Mr. Lee is a tenant still residing at 4100 Massachusetts Avenue, NW ("Avalon at Foxhall"), a property managed by Avalon. Mr. Lee brought a complaint before the District of Columbia Rental Accommodations and Conversion Division ("RACD") alleging that Avalon had violated the District of Columbia Rent Control Act ("the Act"). A hearing was held before Carl Bradford ("Mr. Bradford"), Hearing Examiner, on February 4, 2004. Mr. Bradford issued his Decision and Order on May 24, 2004, dismissing Mr. Lee's petition with prejudice. A copy of the Decision and Order is attached hereto as Defendant's Exhibit A. Mr. Lee appealed Mr. Bradford's Decision, and on December 2, 2005, the Rental Housing Commission ("the RHC") issued its Decision and Order, a copy of which is attached hereto as Defendant's Exhibit B. The RHC re-opened the record due to a procedural error, finding that Mr. Bradford took judicial notice of Avalon's RACD file without providing notice to the parties of his intent to do so. The RHC specifically did not order a *de novo* hearing.

Mr. Lee then filed a Complaint at the District of Columbia Superior Court, case number 05-0003114, a copy of which is attached hereto as Defendant's Exhibit C. The Complaint alleged a conspiracy among Avalon, Mr. Bradford, the RHC, Mr. Lee's former attorney, and others to deprive Mr. Lee of his rights. The Complaint is identical to the Complaint filed in this Court, and that is the subject of the instant Motion to Dismiss.

Avalon filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Superior Court for failure to state a claim upon which relief can be granted, a copy of which is attached hereto as Defendant's Exhibit D. On June 13, 2005, the Court granted Avalon's Motion and dismissed the Complaint. A copy of the Court's Order dismissing the Complaint is attached hereto as Defendant's

Exhibit E. It appears from the record that each of the other Defendants was subsequently dismissed from the case. Mr. Lee filed a Notice of Appeal, and the case is currently pending before the District of Columbia Court of Appeals.

## ARGUMENT

I.  <u>Mr. Lee's Complaint is Barred by the Doctrine of *Res Judicata.*</u>

The doctrine of *res judicata* requires that Mr. Lee's Complaint be dismissed. "Under the doctrine of res judicata, 'a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action.'" *Coleman v. Potomac Electric Power Company*, 310 F.Supp.2d 154 (D.D.C. 2004) (quoting *I.A.M. Nat'l Pension Fund, Benefit Plan A v. Industrial Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C.Cir.1983)).

Further, "28 U.S.C. §§ 1738 (2000) requires that federal courts 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.' . . . . Accordingly, this Court looks to the District of Columbia law for guidance on the question of claim preclusion." *Ford v. Nation's Capital Southern Maryland Area Local, American Postal Workers Union, AFL-CIO*, 2005 WL 3334519 (D.D.C. December 8, 2005) (internal citations omitted). "In the District of Columbia, '[u]nder the doctrine of *res judicata*, or claim preclusion, "a prior judgment on the merits raises an absolute bar to the relitigation of the same cause of action between the original parties or those in privity with them."'" The doctrine bars relitigation 'not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented.'" <u>Id.</u> (internal citations omitted).

In the instant case, the parties to the Superior Court case brought by Mr. Lee are identical to those in the instant case. The Complaint, in fact, is identical. Mr. Lee brings no new claims for relief

3

in the instant case. Under the doctrine of *res judicata*, Mr. Lee's Complaint in the instant case must be dismissed, as there is a prior judgment on the merits involving the same parties and the same causes of action.

    II.    <u>Even Were Mr. Lee's Complaint to Survive *Res Judicata*, it Fails to State a Claim Upon Which Relief May be Granted.</u>

        A.    <u>Even Giving Mr. Lee's Complaint All Due Consideration as a *Pro Se* Complaint, It Fails to Properly Plead a Cause of Action.</u>

"A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court." *McCreary v. Heath*, 2005 WL 3276257 (D.D.C., September 26, 2005) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981)). "A pro se plaintiff's inferences, however, 'need not be accepted "if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions in the form of factual allegations.'" <u>Id.</u> (citing *Caldwell v. District of Columbia*, 901 F.Supp. 7, 10 (D.D.C.1995)).

Mr. Lee's Complaint appears[1] to state a claim for "conspiracy.[2]" The elements of civil conspiracy are: 1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance *of* the common scheme. *See Halberstam v. Welch*, 705 F.2d 472 (U.S. App. D.C. 1983). Mr. Lee does not plead anything relating to any of the elements, and his Complaint must, therefore, be dismissed.

---

    [1]    Mr. Lee's Complaint is not drafted in a traditional manner, in which separate causes of action can be easily determined. It appears that he is alleging that the various Defendants conspired to deprive him of the rights he enumerates.

    [2]    "There is no recognized *independent* tort action for civil conspiracy in the District of Columbia." <u>Id.</u> (emphasis in original) (quoting *Waldon v. Covington*, 415 A.2d 1070, 1074 n. 14 (D.C. 1980)). There must be some underlying tortious conduct that causes injury. <u>Id.</u>.

B.   Mr. Lee Does Not Allege an Agreement Between Two or More Persons, Nor a Common Scheme.

To survive a dispositive motion, there must be some evidence of an unlawful agreement. *See Weishapl v. Sowers*, 771 A.2d 1014, 1024 (D.C. 2001) (affirming dismissal of civil conspiracy claim because there was "no evidence of an unlawful agreement"). Mr. Lee's Complaint merely states baldy that the Defendants "conspired to deprive Plaintiff of the equal protection of the laws of the District of Columbia, particularly those relating to the Rental Housing Act of the District of Columbia . . . ." Complaint at ¶ X. He further alleges that the Defendants "conspired" to deprive him of the rights provided to him by the following; Article I, §8 of the United States Constitution (the Commerce Clause); Article IV, § 4 of the United States Constitution (Federal protection of States and the Republican form of government); The Thirteenth Amendment to the Constitution (Abolition of Slavery); the Fourteenth Amendment to the Constitution (equal protection, due process, and privileges and immunities); 28 U.S.C. 1331 and 1343 (giving original jurisdiction to Federal District Courts); and 42 U.S.C. §§ 1981-1988 (civil rights). Complaint at ¶¶ III and X.

It is inconceivable in reviewing the Complaint to determine just how he alleges that Avalon had an agreement with any of the other Defendants to deprive Mr. Lee of any of the rights enumerated in his Complaint, as, of course, there was none. In fact, Mr. Lee alleges no relationship at all between Avalon and any of the other Defendants. He merely states, with no factual bases that the Defendants "conspired." Indeed, there is no relationship between Avalon and any of the other Defendants, other than the fact that Avalon has appeared as a party before Mr. Bradford and the Rental Housing Commission. It follows, then, that there is no "common scheme." Mr. Lee's Complaint, therefore, must be dismissed.

C.  Mr. Lee Does Not Allege that Avalon Participated in an Unlawful Act or in a Lawful Act in an Unlawful Manner.

Mr. Lee does not allege any unlawful act. As to Avalon, he alleges only that 4100 Massachusetts Avenue Associates, LP[3] ("the Partnership") filed a Certificate of Occupancy on December 4, 1984 for the building located at 4100 Massachusetts Avenue, NW, showing the building has 308 units. Complaint ¶ XI.1. Mr. Lee claims with no authority that when Avalon acquired an interest in the Partnership, it should have filed a new Certificate of Occupancy. Complaint ¶ XI.2. He alleges that Avalon increased his rent in May of 2003. Complaint ¶ XI.3. As a result, he filed a Tenant Petition before the Rental Housing Commission. Complaint ¶ XI.4. The remainder of his Complaint alleges that the parties offered differing legal theories before the Hearing Commissioner; that the Hearing Commissioner found against Mr. Lee; that he appealed the decision to the Rental Housing Commission; that he hired an attorney, who agreed that his legal theories were not accurate; and that the Rental Housing Commission has not yet rendered a decision. Complaint ¶¶ XI. 5-16.[4]

Mr. Lee's biggest complaint appears to be that none of the Defendants agrees with his legal theories. Specifically, none agree with him that the case of *Price v. District of Columbia Rental Housing Comm'n*, 512 A.2d 263 (D.C. 1986) is applicable. In fact, it is not. *Price* deals with the "small landlord exemption" to the rent control laws. Avalon has never claimed to be exempt under

---

[3]  4100 Massachusetts Avenue, LP owns 4100 Massachusetts Avenue, NW, the building in which Mr. Lee resides. Avalon owns a share of the partnership.

[4]  The Complaint is no longer accurate. The Rental Housing Commission has now rendered its Decision and Order, remanding the case, but specifically not ordering a *de novo* hearing. The Commission held that the Hearing Examiner did not follow certain administrative procedures notifying the parties of his intention to rely on Avalon's file at the Rental Housing Commission. In any event, Mr. Lee's contention that the parties conspired to delay the Commission from ruling is now moot.

6

the "small landlord exemption." In fact, Avalon is exempt from rent control under D.C. Code § 42-3502.05(a)(2), which exempts any property "for which the building permit was issued after December 31, 1975." In this case, the Certificate of Occupancy was not issued until December 2, 1984, as asserted by Mr. Lee in his Complaint. See Complaint ¶ XI.1.[5] *Price*, therefore, is inapposite. The Hearing Examiner's decision was appropriate. In any event, a disagreement over legal precedent is hardly illegal conduct or actionable. His Complaint must be dismissed due, among other things, to his failure to enumerate any "illegal act" that could give rise to his claim for conspiracy.

> D. Mr. Lee Fails to Allege an Injury Caused by an Unlawful Overt Act Performed by One of the Parties.

Mr. Lee alleges no concrete injury - only that he was "embarrassed, humiliated, suffered mental and emotional distress and discomfort, and also has sustained loss of peace of mind . . ." Complaint ¶ XIII. "Liability will be imposed only for conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Poullard v. Smithkline Beecham Corp.*, 2005 WL 3244192 (D.D.C., November 30, 2005) (quoting *Homan v. Goyal*, 711 A.2d 812 (D.C. 1998)). Further, "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not constitute the "extreme and outrageous conduct necessary to recovery damages for emotional distress." Id.

"Generally, a case of intentional infliction of emotional distress is made out only if "the recitation of the facts to an average member of the community would arouse his resentment against

---

[5] Further, as set forth in the attachment to Mr. Lee's Complaint, Avalon introduced before the Hearing Examiner copies of the Registration/Claim of Exemption Forms dated march 11, 1996 and June 29, 1994. The Hearing Examiner specifically found that "Respondent filed a valid registration/claim of exemption on June 29, 1994 . . . [and] March 11, 1996."

the actor, and lead him to exclaim, 'Outrageous!'" Id. (quoting RESTATEMENT, supra, § 46 comment d.). Mr. Lee does not allege any such damages, but only baldly says that he suffered some vague emotional damages. This is not sufficient. Mr. Lee's Complaint, therefore, must be denied.

## CONCLUSION

Mr. Lee cannot forum shop, hoping to find a friendly Court. He has already brought the exact same lawsuit at the District of Columbia Superior Court, which dismissed his Complaint for failure to state a claim upon which relief may be granted. The instant lawsuit, therefore, is barred by the doctrine of *res judicata*. Moreover, Mr. Lee's complaint is that "justice delayed is justice denied" is moot, because the Rental Housing Commission has now ruled. His claimed "conspiracy" between various District employees and agencies, his landlord, and his former attorney to disagree with Mr. Lee's interpretation of relevant law is not actionable. Given the facts in the light most favorable to Mr. Lee, he cannot prove a conspiracy between Avalon and any other Defendants to deprive Mr. Lee of his rights. His Complaint, therefore, must be dismissed.

Respectfully submitted,

MARGOLIUS, MALLIOS & RIDER, LLP

_____
Nat N. Polito, #453365
1828 L Street, NW
Suite 500
Washington, D.C. 20036
(202) 296-1000
Counsel for Defendant AvalonBay Communities, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL L. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 1:05CV01450 |
| ) | Judge Henry H. Kennedy |
| CARL BRADFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

UPON CONSIDERATION of Defendant AvalonBay Communities, Inc.'s Motion to Dismiss, and the Opposition thereto, if any, it is this _____ day of _____, 2006, by the United State District Court for the District of Columbia,

ORDERED, that the Plaintiff's Complaint be, and the same, hereby, is DISMISSED WITH PREJUDICE as to AvalonBay Communities, Inc.

                                                Henry H. Kennedy, JUDGE
                                                United States District Court for the
                                                  District of Columbia

copies to:

Mr. Russell L. Lee
Plaintiff *Pro Se*
4100 Massachusetts Avenue, NW
Unit 1319
Washington, D.C. 20016

Nat N. Polito, Esquire
Counsel for AvalonBay Communities, Inc.
1828 L Street, NW, Suite 500
Washington, D.C. 20036

Mr. Carl Bradford
Defendant
941 N. Capitol Street, NE
Room 7200
Washington, D.C. 20002

Rental Housing Commission
Defendant
941 N. Capitol Street, NE
Room 9200
Washington, D.C. 20002

Clarissa Thomas, Esquire
Defendant
405 Eighth Street, NE
Washington, D.C. 20002

Ms. Recita T. Evans
Defendant
941 N. Capitol Street, NE
Room 9400
Washington, D.C. 20002

2