GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
Housing Regulation Administration
941 North Capitol Street, NE Room 7100
Washington, D.C. 20002

| | |
|---|---|
| **RUSSELL LEE** ] <br> Tenant/Petitioner ] <br> ] <br> v. ] <br> ] <br> **DEBRORAH PITONYAK** ] <br> Housing Provider/Respondent ] <br> _____ ] | MAY 2 4 2004 <br> T/P #28,013 <br> 4100 Massachusetts Ave., N.W. <br> Apt. #1319 <br> Ward - 3 |

## DECISION AND ORDER

### Jurisdiction

**CARL BRADFORD, HEARING EXAMINER**: The above-captioned matter comes before the District of Columbia Department of Consumer and Regulatory Affairs, Office of the Rent Administrator, from the Rental Accommodations and Conversion Division (RACD), pursuant to Title II of the Rental Housing Act of 1985, D.C. Law 6-10, as amended, effective July 17, 1985, (the Act), D.C. Official Code Section 42-3501.01 et seq. (2001), the D.C. Administrative Procedure Act, D.C. Official Code Section 2-501 et seq. (1992), and the Rules of the Rental Housing Commission, 33 DCR 2656 (May 2, 1986), 14 DCMR Section 3800 et seq. (the Rules).

### Procedural History

Tenant Petition T/P #28,013 was filed with RACD on December 9, 2003. The matter was heard on February 4, 2004.

Notice of the date, time, and place of the hearing was furnished to the parties in accordance with section 216(c) of the Act, D.C. Official Code 42-3502(c) (2001).

Present at the hearing were: Russell L. Lee, Petitioner; Deborah Pitonyak, Respondent; and Melissa S Polito, counsel for Respondent.

### Issues Considered

1. Whether the rent increase was larger than the amount of increase which was allowed by any applicable provision of the Rental Housing Act of 1985?

2. Whether the Housing Provider failed to file the proper rent increase forms with the Rental Accommodations and Conversion Division?

05CV1450/ Exhibit A

3. Whether the rent being charged exceeds the legally calculated rent ceiling for Petitioner's unit?

4. Whether a rent increase was taken while Petitioner's unit was not in substantial compliance with the D.C. Housing Regulations?

5. Whether the building in which Petitioner's unit is located is properly registered with the Rental Accommodations and Conversion Division?

**Description of the Property**

The housing accommodation is a multi-unit building located at 4100 Massachusetts Ave., N.W. It is located on lot No. 1070 in Square No. 1601, Ward 3.

**Summary of the Case**

The subject housing accommodation is a multi-unit building where the Petitioner is a tenant. The tenant alleges that his rent was illegally increased from $1,585 to $1,858 a month, and he was charged an additional $130 per month for parking. Further, the Respondent was not properly registered when Petitioner checked with the Rental Accommodation and Conversion Division. Petitioner alleges Respondent as a new owner, (Avalon Properties) is required to secure its name on a new Certificate of Occupancy. Therefore, because Respondent is not properly registered, Respondent has no legal right to raise Petitioner's rent.

**Preliminary Matter**

As a preliminary matter, the Respondent moved to dismiss the petition, as the property subject located at 4100 Massachusetts Avenue, NW is exempt from the Act. Further, the Petitioner named "Deborah Pitonyak" as the responding party, and not the property owner or manager. Ms. Pitonyak, an individual, is merely an employee of the company that manages the property, and would have no personal liability in this matter. Respondent states further that Petitioner has failed to name the property owner and/or manager as a party to this action (4100 Massachusetts Avenue Associates). The Examiner reserved his decision on the motion until all testimony and evidence was entered into the record.

**Evaluation of the Evidence and Legal Analysis**

All documentary evidence submitted by the parties was admitted into evidence. The record officially closed on February 25, 2003.

T/P 28,013
Page 3

**Evidence and Pleadings Considered**

The evidence and pleadings considered in this matter consist of the following:

1. The following documents submitted by Petitioner at the hearing:

    Petitioner's Exhibits #1: Copy of certificate of occupancy dated December 12, 1984.

2. The following documents submitted by Respondent at the hearing:

    Respondent's Exhibits #1: Copy of letter to tenants dated 1/20/03;

    Respondent's Exhibits #2: Copy of letter from Petitioner dated March 11, 2003;

    Respondent's Exhibits #3: Copy of acknowledgement of notice to vacate;

    Respondent's Exhibits #4: Copy of letter from Petitioner dated April 1, 2003;

    Respondent's Exhibits #5: Copy of lease dated May 19, 2003;

    Respondent's Exhibits #6: Copy of concession addendum June 5, 2003

    Respondent's Exhibits #7: Copy of concession addendum June 5, 2003:

    Respondent's Exhibits #8: Copy of certification of limited partnership dated February 8, 1999;

    Respondent's Exhibits #9: Copy of assignment of partnership interests dated June 21, 1994

    Respondent's Exhibits #10: Copy of registration dated June 29, 1994; and

    Respondent's Exhibits #11: Copy of registration dated March 22, 2004;

3. The following item over which the Examiner took official notice, in accordance with the District of Columbia Administrative Procedures Act, D.C. Official Code § 2-509 (c) (2001) and Carey v. District of Columbia Unemployment Compensation Bd., 304 A.2d 18 (D.C. 1973): RACD registration files for 4100 Massachusetts Avenue, N.W., Washington, D.C.

T/P 28,013
Page 4

**Registration**

The Respondent testified that the subject property 4100 Massachusetts Avenue, NW, is exempt from the purview of Title II of the Act based on D.C. Official Code 42-3502.05 (a)(2) which provides an exemption for:

(C)   The housing provider of the housing accommodation files with the Rent Administrator a claim of exemption statement which consists of an oath or affirmation by the housing provider of the valid claim to the exemption. The claim of exemption statement shall also contain the signatures of each person having an interest, direct or indirect, in the housing accommodation. Any change in the ownership of the exempted housing accommodation or change in the housing provider's interest in any other housing accommodation which would invalidate the exemption claim must be reported in writing to the Rent Administrator within 30 days of the change; and
.....

(f)   Within 120 days of July 17, 1985, each housing provider of any rental unit not exempted by this act and not registered under the Rental Housing Act of 1980, shall file with the Rent Administrator, on a form, approved by the Rent Administrator, a new registration statement for each housing accommodation in the District for which the housing provider is receiving rent or is entitled to receive rent. Any person who becomes a housing provider of such a unit after July 17, 1985 shall have 30 days within which to file a registration statement with the Rent Administrator. No penalty shall be assessed against any housing provider who, during the 120 day period, registers any units under this chapter, for the failure to have previously registered the units.

Petitioner alleges that on December 4, 1984, 4100 Massachusetts Avenue Associates secured a Certificate of Occupancy for the housing accommodation at 4100 Massachusetts Avenue NW. Petitioner alleges that Respondent (then Avalon Properties, Inc). dated June 29, 1994, indicated that Avalon Properties was a general partner to 4100 Massachusetts Avenue Associates. Therefore, as the new owner, Avalon Properties was required to secure and include its name on a new Certificate of Occupancy.

The Respondent, through counsel, alleges that the property was exempt from rent control based on the evidence in the record. Respondent provided the Examiner with a copy of a Registration/Claim of Exemption Form dated March 11, 1996 (Ex. #502216) and June 29, 1994(519099), as well as a copy of the Rental Unit Registration Fee Payment Receipt, and copy of Certificate of Occupancy for 4100 Massachusetts Avenue, NW. Respondent confirmed that the owner of the property was the same owner listed on Petitioner's lease (Respondent Exhibit #5), contrary to Petitioner's allegation that this was not the case.

T/P 28,013
Page 5

In <u>Goodman v. District of Columbia Rental Housing Commission</u>, D.C. Wash. L. Rptr. 118, 1285 (D.C. Court of Appeals, (June 12,1990) the Court ruled that the "landlord has the burden of proving that he is exempt from the coverage of the Rental Housing Act, and the statutory exemptions are to be narrowly construed, (citing) <u>Revithes v. District of Columbia Rental Housing Commission</u>, 536 A. 2d 1007 (D.C. App. 1987); <u>Remin v. District of Columbia Rental Housing Commission</u>, 471 A.2d 275, 279 (D.C. App. 1984).

Based on the evidence presented, the Examiner determines that the Respondent has met his burden of proving that he is exempt from the coverage of Title II of the Rental Housing Act. Accordingly, the Examiner finds that the property is exempt from the purview of Title II of the Act.

Because it has been determined that the property is presently exempt, the Examiner is without jurisdiction to adjudicate Petitioner's allegation of illegal rent or any other Title II claims raised by Petitioner. Accordingly, all issues in the instant petition are dismissed.

**Findings of Fact**

After a careful evaluation of all the evidence, the Examiner finds, as a matter of fact:

1. Petitioner has been a tenant at 4100 Massachusetts, N.W., Washington, D.C. 20011 since April 27, 2002.

2. 4100 Massachusetts Avenue Associates owns the housing accommodation located at 4100 Massachusetts Avenue, N.W., Washington, D.C. 20011

3. Respondent has properly registered the property.

4. The housing accommodation is exempt from rent control.

5. Respondent filed a valid registration/claim of exemption on June 29, 1994.

6. Respondent filed a valid registration/claim of exemption on March 11, 1996.

**Conclusion of Law**

After a careful evaluation of all the evidence and findings of fact, the Examiner concludes, as a matter of law:

1. Respondent has met his burden of proving that the subject property, 4100 Massachusetts Avenue, N.W., is properly registered pursuant to D.C. Official Code § 42-3502.05 (2001).

T/P 28,013
Page 6

2. The petition is dismissed.

## ORDER

It is hereby ORDERED this MAY 2 4 2004 that:

1. Tenant Petition #28,013 is DISMISSED WITH PREJUDICE.

2. This Decision is effective immediately.

### Right to File Motion for Reconsideration or to Appeal

Any party who believes that this Decision is either: (1) the result of a default judgment because of that party's failure to appear at the hearing; (2) contains typographical, numerical, or other technical errors; (3) contains clear error that is evident on its face; or (4) should be reconsidered because newly discovered evidence exists which could not have been discussed at the hearing, may file a Motion for Reconsideration with the HRA/RACD.

Any party who believes this Decision is not supported by the evidence before the Hearing Examiner or that the law was applied incorrectly, may request a review by the Rental Housing Commission, by filing a Notice of Appeal. The notice must set forth the specific reasons for appeal which must be based on the evidence in the official record or the application of the law.

The filing of either a Motion for Reconsideration or a Notice of Appeal shall stay the effectiveness of this Order until such time as the motion and/or appeal has been resolved.

Motions for Reconsideration and Appeals from the Rent Administrator's Decision must be file-stamped with the RACD or the Commission, respectively, and served on opposing parties within ten (10) days of the Decision of the Rent Administrator, excluding Saturdays, Sundays, and holidays on or before JUN 1 1 2004, allowing three (3) days for mailing pursuant to 14 DCMR § 3912.5. All pleadings and other filings shall be deemed filed when actually received and stamped by the RACD or Commission during business hours (9:00 a.m. to 3:00 p.m.) on or before the due date.

Address any Motion for Reconsideration to:

> Housing Regulation Administration
> 941 North Capitol Street, NE Room 9100
> Washington, D.C. 20002

T/P 28,013
Page 7

**Right to file a motion for Reconsideration or Appeal** [continued]

Address any Notice of Appeal to:

>   Rental Housing Commission
>   941 North Capitol Street, NE Room 9200
>   Washington, D.C. 20002

Motions for Reconsideration must be decided within ten (10) days from the date on which they are filed. If no ruling on the motion issued within those ten (10) days, the motion is automatically denied.

The time for appeal does not run while a Motion for Reconsideration is pending. However, once a ruling on a Motion for Reconsideration is issued or the time to decide such a motion lapses, the ten- (10) days, to file an appeal begins to run again.

The failure of the party to file a timely appeal shall result in the waiver of the right to have this Decision reviewed by the District of Columbia Court of Appeals.

*Carl Bradford*
CARL BRADFORD, Hearing Examiner
Hearing Examiner Division
Housing Regulation Administration
Department of Consumer and Regulatory Affairs

T/P 28,013
Page 8

Copies to:

Melissa S. Polito, Esq.
9200 Basil Court
Suite 300
Largo, Maryland 20774

Russell Lee
4100 Massachusetts Avenue, NW
Apt. #1319
Washington, D.C. 20016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the Decision and Order in T/P 28,013 was mailed by priority mail on this 24th day of May 2004 to the above-listed parties.

*Patricia Smith*
Certifying Party