**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION**

TP 28,013

In re: 4100 Massachusetts Avenue, N.W., Unit 1319

Ward Three (3)

**RUSSELL LEE**
Tenant/Appellant

v.

**DEBORAH PITONYAK**
Housing Provider/Appellee

**DECISION AND ORDER**

December 2, 2005

**BANKS, CHAIRPERSON.** This case is on appeal to the Rental Housing Commission from a decision and order issued by the Rent Administrator, based on a petition filed in the Rental Accommodations and Conversion Division (RACD). The applicable provisions of the Rental Housing Act of 1985 (Act), D.C. Law 6-10, D.C. OFFICIAL CODE §§ 42-3501.01-3509.07 (2001), the District of Columbia Administrative Procedure Act (DCAPA), D.C. OFFICIAL CODE §§ 2-501-510 (2001), and the District of Columbia Municipal Regulations (DCMR), 14 DCMR §§ 3800-4399 (2004), govern the proceedings.

**I.    THE PROCEDURES**

On December 9, 2003, Russell L. Lee, filed Tenant Petition (TP) 28,013 in the Housing Regulation Administration. The petition named Deborah Pitonyak, as the

05CV1450/ Exhibit B

Housing Provider or property manager[1] and alleged: 1) The rent increase was larger than the amount of increase which was allowed by any applicable provision of the Rental Housing Act of 1985; 2) The Housing Provider failed to file the proper rent increase forms with the Rental Accommodations and Conversion Division; 3) The rent being charged exceeds the legally calculated rent ceiling for my/our unit(s); 4) A rent increase was taken while my/our units(s) were not in substantial compliance with the D.C. Housing Regulations, and 5) The building in which my/our rental unit (s) is located is not properly registered with the Rental Accommodations and Conversion Division. On February 4, 2004, Hearing Examiner Carl Bradford held the hearing on the petition and issued the decision and order on May 24, 2004. The decision contained:

Findings of Fact

1. Petitioner has been a tenant at 4100 Massachusetts, [sic] N.W., Washington, D.C. 20011 since April 27, 2002.

2. 4100 Massachusetts Avenue Associates owns the housing accommodation located at 4100 Massachusetts Avenue, N.W., Washington, D.C. 20011.

3. Respondent has properly registered the property.

4. The housing accommodation is exempt from rent control.

5. Respondent filed a valid registration/claim of exemption on June 29, 1994.

6. Respondent filed a valid registration/claim of exemption on March 11, 1996.

Conclusions of Law

1. Respondent has met his burden of proving that the subject property, 4100 Massachusetts Avenue, N.W., is properly registered pursuant to D.C. Official Code § 42-3502.05 (2001).

---

[1] See the Tenant Petition, Section IV, at 2, which states: "Name of Housing Provider or Manager _____. The Tenant wrote on the blank line, "Deborah Pitonyak." The Tenant also made a check at the word "Manager" in the parenthesis beside the words, "( ) Housing Provider ( ) Manager" on the Tenant Petition.

Lee v. Pitonyak, TP 28,013
Decision and Order
December 2, 2005

2

2. The petition is dismissed.

On June 3, 2004, the Tenant filed a notice of appeal in the Commission, which held the appellate hearing on August 26, 2004.

## II. THE ISSUES

The Tenant raised the following issues in the notice of appeal:

A. Whether the hearing examiner properly took official notice of RACD files, as noted in the decision.

B. Whether the hearing examiner properly styled the caption of the decision.

C. Whether the hearing examiner erred by finding the Housing Provider is properly registered.

D. Whether the decision erroneously stated the Housing Provider was entitled to the small landlord exemption.

E. Whether the housing accommodation is held by a partnership and therefore, ineligible for exemption.

F. Whether the hearing examiner properly dismissed the issues in the petition after finding that the property was exempt.

## III. THE DISCUSSION OF THE ISSUES

### A. Whether the hearing examiner properly took official notice of RACD files, as noted in the decision.

D.C. OFFICIAL CODE, DCAPA, § 2-509(b)-(c) (2001) provide:

[I]n contested cases, ... the proponent of a rule or order shall have the burden of proof. ... Where any decision of the Mayor or any agency in a contested case rests on official notice of a material fact not appearing in the evidence in the record, any party to such case shall on timely request be afforded an opportunity to show the contrary.

The Mayor or the agency shall maintain an official record in each contested case, to include testimony and exhibits, ... together with all papers and requests filed in the proceeding, and all material facts not appearing in the evidence but with respect to which official notice is taken, shall constitute the official record for decision. No sanction shall be

imposed or rule or order or decision be issued except upon consideration of such exclusive record, or such lesser portions thereof as may be agreed upon by all the parties to such case. (emphasis added).

The Rent Administrator's rule, 14 DCMR § 4009.7 (2004), provides:

During a hearing, a hearing examiner, on his or her own motion or on the motion of a party, may take <u>official notice</u> of the following:

...

(b) Any information contained in the record of the RACD ....

The Rent Administrator's rule, 14 DCMR § 4009.9 (2004), provides:

If, after a hearing has been concluded, the hearing examiner takes <u>official notice of information</u> contained in public records, as described in this section, <u>each party is entitled to be informed in writing of the fact found by the hearing examiner, and to be provided an opportunity to contest the fact(s) officially noticed before a decision is issued.</u> (emphasis added.)

The decision and order stated, in relevant part:

The following item over which the Examiner took <u>official notice</u>, in accordance with the District of Columbia Administrative Procedures [sic] Act, D.C. Official Code § 2-509(c) (2001) and Carey v. District of Columbia Unemployment Compensation Bd., [sic] 304 A.2d 18 (D.C. 1973); RACD registration files for 4100 Massachusetts Avenue, N.W., Washington, D.C.

Decision at 3 (emphasis added).

The Tenant's notice of appeal stated:

The [Rent] Administrator took official notice of the RACD registration files for 4100 Massachusetts Avenue, N.W., but did not notify the parties that a material fact officially was being noticed. [citation omitted.] The documents(s) specifically relied upon were not made clear. The mind of the decider should not be swayed by materials which are not communicated to both parties and which they are not given an opportunity to controvert. [citation omitted.] On remand, the [Rent] Administrator should show his source(s) of information.

Notice of Appeal at 1-2.

Lee v. Pitonyak, TP 28,013
Decision and Order
December 2, 2005

4

The hearing examiner violated both the DCAPA and the Rent Administrator's rule, 14 DCMR § 4009.9 (2004). They both require that the hearing examiner notify the parties that official notice was taken, give the parties notice in writing what documents were officially noticed, what fact(s) the hearing examiner found, and an opportunity to show the contrary or to contest the fact(s) officially noticed. The requirements of the law on official notice were not met, therefore, this issue is granted and remanded for compliance with the law on official notice.

### IV. THE CONCLUSION

The hearing examiner must open the hearing record for the limited purpose of informing the parties in writing what was officially noticed in the "RACD registration files for 4100 Massachusetts Avenue, N.W., Washington, D.C.," as stated in the decision, identify what fact(s) was found in the officially noticed RACD files, that is not in the record evidence, allow the parties the opportunity to contest the officially noticed fact(s), as required by 14 DCMR § 4009.9 (2004), and allow the parties the opportunity to show the contrary, as required by law in the DCAPA. A *de novo* hearing is not ordered.

All other issues raised in the notice of appeal are dismissed, because the record is not complete due to the error related to official notice, as discussed above.

SO ORDERED.

_____
RUTH R. BANKS, CHAIRPERSON

_____
RONALD A. YOUNG, COMMISSIONER

_____
JENNIFER M. LONG, COMMISSIONER

MOTIONS FOR RECONSIDERATION

Pursuant to 14 DCMR § 3823 (2004), final decisions of the Commission are subject to reconsideration or modification. The Commission's rule, 14 DCMR § 3823.1 (2004) provides, "[a]ny party adversely affected by a decision of the Commission issued to dispose of the appeal may file a motion for reconsideration or modification with the Commission within ten (10) days of receipt of the decision."

JUDICIAL REVIEW

Pursuant to D.C. OFFICIAL CODE § 42-3502.19 (2001), "[a]ny person aggrieved by a decision of the Rental Housing Commission ... may seek judicial review of the decision ... by filing a petition for review in the District of Columbia Court of Appeals." Petitions for review of the Commission's decisions are filed in the District of Columbia Court of Appeals and are governed by Title III of the Rules of the District of Columbia Court of Appeals. The court may be contacted at the following address and telephone number:

>  D.C. Court of Appeals
>  Office of the Clerk
>  500 Indiana Avenue, N.W.
>  6th Floor
>  Washington, D.C. 20001
>  (202) 879-2700

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Decision and Order in TP 28,013 was mailed by priority mail, with confirmation of delivery, postage prepaid this 2nd day of December, 2005, to:

Melissa S. Polito, Esquire
9200 Basil Court
Suite 300
Largo, MD 20774

Clarissa Thomas, Esquire
403-405 8th Street, N.E.
Washington, D.C. 20002

Russell L. Lee
4100 Massachusetts Avenue, N.W.
Apt. 1319
Washington, D.C. 20016

LaTonya Miles
Contact Representative
(202) 442-8949

Lee v. Pitonyak, TP 28,013
Decision and Order
December 2, 2005

7