## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RUSSELL L. LEE, #1319,  * Case No.
4100 Massachusetts Ave.,  *
NW, Washington, DC 20016,  *
                          *
        Plaintiff         *
                          *
        v.                *
                          *
CARL BRADFORD, as an      *
Official and as an        *
Individual, 941 N.        *
Capitol St., NE, Rm. 7200, *
Washington, DC 20002;     *
RENTAL HOUSING COMMISSION, *
941 N. Capitol St., Rm.   *
9200, Washington, DC      *
20002; AVALON COMMUNITIES, *
INC., 2900 Eisenhower Av., *
Third Floor, Alexandria,  *
VA 22314; CLARISSA THOMAS, *
405 Eighth St., NE,       *
Washington, DC 20002,     *
RECITA T. EVANS, 941 N.   *
Capitol St., NE, Rm. 9400, *
Washington, DC 20002,     *
                          *
        Defendants.       *

RECEIVED
Civil Clerk's Office

APR 2 2 2005

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

### I.

Plaintiff for a cause of action against

Defendants, and each of them, complains and alleges as follows:

II.

That Plaintiff and all Defendants are citizens of the United States of America, and are domiciled or reside in the metropolitan area of the District of Columbia; this court has jurisdiction under 28 U.S.C.A. sections 1331(a) and 1343(3).

III.

That this action arises under the United States Constitution and particularly Article I, Section 8, Article IV, Section 4, Amendments XIII and XIV, and the laws of the United States, Title 28 U.S.C. sections 1331 and 1343; Title 42 U.S.C. Sections 1981-1988.

IV.

That at all times herein mentioned Plaintiff, an adult citizen of the United States, has had residence and domicile in the District of Columbia. The true identity and address of Plaintiff are known to Defendants and are contained

in the Complaint, now filed with this Court.

V.

That at all times herein mentioned
Defendant Bradford was and still is the Rent
Administrator of the Renal Housing Commission of
the Department of Consumer and Regulatory Affairs
for the District of Columbia whose defined duty is
to carry out according to rules and procedures
established by the Rental Housing Commission the
rent stabilization program.

VI.

That at all times herein mentioned
Defendant Rental Housing Commission was and is an
appellate tribunal and may reverse, in whole or in
part, any decision of the Rent Administrator which
it finds to be arbitrary, capricious, an abuse of
discretion, not in accordance with the provisions
of this chapter, or unsupported by substantial
evidence on the record of the proceedings before
the Rent Administrator, or it may affirm, in whole

or in part, the Rent Administrator's decision.

## VII.

That at all times herein mentioned Defendant Avalon Communities, Inc., was and is the owner of the housing accommodation located at 4100 Massachusetts Ave., NW, and is beneficiary of the conspiracy.

## VIII.

That at all times herein mentioned Defendant Recita T. Evans was and is a Dispute Resolution Specialist under the Department of Consumer and Regulatory Affairs of the District of Columbia.

## IX.

That at all times herein mentioned Defendant Clarissa Thomas was and is a duly licensed and practicing attorney within the District of Columbia.

## X.

That, in the District of Columbia, the

Defendants, and each of them, conspired to deprive
Plaintiff of the equal protection of the laws of
the District of Columbia, particularly those
relating to the Rental Housing Act of the District
of Columbia; and further conspired to deprive
Plaintiff of those rights provided under the
Constitution and laws of the  United States and
particularly those set forth in paragraph III
herein, and conspired to impede, hinder, obstruct
and defeat the due course and due process of law
and justice in the District of Columbia; and
further conspired to deprive Plaintiff of the
rights, privileges and immunities secured by the
Constitution and laws of the United States extended
to citizens of the United States and particularly
those set forth in paragraph III herein; that all
of said acts and those set forth throughout this
complaint were committed by Defendants, and each of
them, while acting under color and pretense of the
statutes, ordinances, customs and laws of the

District of Columbia.

## XI.

In furtherance of the object of the aforesaid conspiracy, Defendants acting under color and pretense of the statutes, ordinances, customs and laws of the District of Columbia, willfully acting in concert with each other and with the other Defendants, by themselves, each and all procuring, aiding and encouraging the other defendants, did purposely and systematically and intentionally discriminate against Plaintiff and subjected him to inequality of treatment which were not privileged or compelled by law, to defeat Plaintiff's action to enforce his right to treble damages under the Rent Stabilization Act of the District of Columbia. The order and particulars by which the conspiracy was carried out are as follow:

1.    December 4, 1984: 4100 Massachusetts Ave. Associates filed with the Rent Administrator a Certificate of Occupancy as to the property located at 4100 Massachusetts Ave., NW. The

certificate indicates: the building contains 308 rental units.

2.    June 29, 1994: as Avalon obtained an interest in the property, it should have filed a new Certificate of Occupancy. It did not do so; instead, it filed along with a Registration/Claim of Exemption the 1984 Certificate of Occupancy.

3.    May 3, 2003: Defendant AvalonBay Communities increased Plaintiff's rent drastically.

4.    December 9, 2003: Plaintiff filed Tenant Petition #28,013, alleging the increase was Illegal, that his unit was *not* properly registered and was not exempt from rent control.

5.    Plaintiff, in all papers and proceedings below, relied on D.C. Code section 42-3502.05, as interpreted by the District of Columbia Court of Appeals in *Price v. District of Columbia Rental Hous. Comm'n, 512 A.2d 263 (D.C. 1986).*

6.    In turn, Defendant Avalon Communities relied on D.C. Code section 42-3502.05(a)(2) and on

the Hearing Examiner and testified that "the

property located at 4100 Massachusetts Ave., NW,

has received an exemption from the (District of

Columbia Rent Control) Act."

    7.   February 4, 2004: Carl Bradford

laughed at *Price*, having read it, he said, "many

times," and mumbled words sounding like, "There is

something in *Price* against the Rental Housing Act."

He announced that "the property is exempt from rent

control."

    8.   May 24, 2004: Bradford dismissed the

complaint, finding that "Respondent filed a valid

Registration/Claim of Exemption on June 29, 1994"

and that the *property* was exempt from rent control.

He never mentioned *Price*. He cited no statutory

authority in support of decision or otherwise

explained why the holding in *Price* should not

govern this case. **Exhibit A.**

    9.   June 20, 2003: Plaintiff hired

Defendant Thomas (Thomas-Edwards) to represent him

before the Rental Housing Commission on appeal. A hearing was set for August 26, 2004, 10:00am.

11. August 25, 2004: Thomas withdrew from the case around 10:00pm because, she said, the cases relied on by Plaintiff, *Price v. District of Columbia Rental Hous. Comm'n,* 512 A.2d 263, 267-68 (D.C. 1986) and *Yasuna v. D.C. Rental Housing Comm'n,* 504 A.2d 605 (1986), were overridden by *Seman v. D.C. Rental Hous. Comm'n,* 552 A.2d 863 (1989), and "are no longer good law." "Your case is unwinnable;" she said, aiding and abetting Bradford in the commission of the tort.

12. Thomas never intended to represent Plaintiff. In the sense of Laughing at *Price* she joined Bradford. She reached her goal: she kept the $1500 retainer fee. She signed in; she signed out; she did nothing – a manifestly unjust situation.

13. Plaintiff appeared at the hearing on August 26, 2004 and took the position that Avalon was not entitled to the small landlord exemption.

The Certificate of Occupancy of 1984, which Bradford was cognizant, correctly indicates that the Avalon property contains 308 rental units.

14. The RTC should have decided this case a year ago. "The Rental Housing Commission shall issue a decision with respect to an appeal **within 30 days** after the appeal is filed." D.C. Code section 42-3502.16. Justice delayed is justice denied. The RHC joined the conspiracy, by causing unlawful, unnecessary delay.

XII.

15. August 26, 2004: Appellant reported Bradford's conduct to Recita T. Evans, Dispute Resolution Specialist, Office of the General Counsel of the Department of Consumer and Regulatory Affairs. In reply, she stated she "transmitted (Plaintiff's complaint) to Carl Bradford." Her transmittal to Bradford was like asking the henhouse fox to explain missing chickens. Evans, in doing nothing, joined the

conspiracy. **Exhibit B.**

16.    In refusing to provide service to Plaintiff, Defendants Evans, RHC and Bradford violated the Amended Human Rights Act of 2002 which provides, in pertinent part, that "harassment constitutes an unlawful discriminatory practice." They are in violation of the Human Rights Act of 1977 as well.

## XIII.

As a result of the foregoing acts of the Defendants, and each of them, Plaintiff was embarrassed, humiliated, suffered mental and emotional distress and discomfort, and also has sustained loss of peace of mind, and was deprived of his constitutional rights and his rights under the laws of the United States as set forth hereinabove to his damage in the sum of $100,000.00.

Defendants and each of them, in the acts above stated acted wantonly, maliciously and arbitrarily by virtue whereof Plaintiff is entitled to punitive damages in the sum of $100,000.00.

Wherefore, Plaintiff prays for judgment against the defendants, and each of them, for the sum of $194,000.00, approximately, plus $1500.00

15

plus interest as actual damages; and the sum of
$100,000.00 as punitive damages; and for costs and
disbursements occurred herein.

### JURY DEMAND

Plaintiff demands a jury trial on all

issues so triable.

Dated: April 22 2005

Respectfully submitted,

_____
RUSSELL M. LEE, pro se

#1319
4100 Massachusetts Ave., NW
Washington, DC 20016

# EXHIBIT A

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
Housing Regulation Administration
941 North Capitol Street, NE Room 7100
Washington, D.C. 20002

| | |
|---|---|
| **RUSSELL LEE** | **MAY 2 4 2004** |
| Tenant/Petitioner | T/P #28,013 |
| | 4100 Massachusetts Ave., N.W. |
| v. | Apt. #1319 |
| | **Ward - 3** |
| **DEBRORAH PITONYAK** | |
| **Housing Provider/Respondent** | |

## DECISION AND ORDER

Jurisdiction

**CARL BRADFORD, HEARING EXAMINER:** The above-captioned matter comes before the District of Columbia Department of Consumer and Regulatory Affairs, Office of the Rent Administrator, from the Rental Accommodations and Conversion Division (RACD), pursuant to Title II of the Rental Housing Act of 1985, D.C. Law 6-10, as amended, effective July 17, 1985, (the Act), D.C. Official Code Section 42-3501.01 et seq. (2001), the D.C. Administrative Procedure Act, D.C. Official Code Section 2-501 et seq. (1992), and the Rules of the Rental Housing Commission, 33 DCR 2656 (May 2, 1986), 14 DCMR Section 3800 et seq. (the Rules).

## Procedural History

Tenant Petition T/P #28,013 was filed with RACD on December 9, 2003. The matter was heard on February 4, 2004.

Notice of the date, time, and place of the hearing was furnished to the parties in accordance with section 216(e) of the Act, D.C. Official Code 42-3502(e) (2001).

Present at the hearing were: Russell L. Lee, Petitioner; Deborah Pitonyak, Respondent; and Melissa S Polito, counsel for Respondent.

Issues Considered

1.  Whether the rent increase was larger than the amount of increase which was allowed by any applicable provision of the Rental Housing Act of 1985?

2.  Whether the Housing Provider failed to file the proper rent increase forms with the Rental Accommodations and Conversion Division?

17

T/P 28,013
Page 2

3. Whether the rent being charged exceeds the legally calculated rent ceiling for Petitioner's unit?

4. **Whether a rent increase was taken while Petitioner's unit was not in substantial** compliance with the D.C. Housing Regulations?

5. **Whether the building in which Petitioner's unit is located is properly registered** with the Rental Accommodations and Conversion Division?

Description of the Property

The housing accommodation is a multi-unit building located at 4100 Massachusetts Ave., N.W. It is located on lot No. 1070 in Square No. 1601, Ward 3.

## Summary of the Case

The subject housing accommodation is a multi-unit building where the Petitioner is a tenant. The tenant alleges that his rent was illegally increased from $1,585 to $1,858 a month, and he was charged an additional **$130 per month for parking. Further, the** Respondent was not properly registered when Petitioner checked with the Rental **Accommodation and Conversion Division. Petitioner alleges Respondent as a new** owner, (Avalon Properties) is required to secure its name on a new Certificate of **Occupancy. Therefore, because Respondent is not properly registered, Respondent has no** legal right to raise Petitioner's rent.

Preliminary Matter

**As a preliminary matter, the Respondent moved to dismiss the petition, as the property** subject located at 4100 Massachusetts Avenue, NW is exempt from the Act. Further, the Petitioner named "Deborah Pitonyak" as the responding party, and not the property **owner or manager. Ms. Pitonyak, an individual, is merely an employee of the company** **that manages the property, and would have no personal liability in this matter.** **Respondent states further that Petitioner has failed to name the property owner and/or** **manager as a party to this action (4100 Massachusetts Avenue Associates). The Examiner** reserved his decision on the motion until all testimony and evidence was entered into the record.

Evaluation of the Evidence and Legal Analysis

**All documentary evidence submitted by the parties was admitted into evidence. The** record officially closed on February 25, 2003.

18

T/P 28,013
Page 3

<u>Evidence and Pleadings Considered</u>

The evidence and pleadings considered in this matter consist of the following:

1.      The following documents submitted by Petitioner at the hearing:

      **Petitioner's Exhibits #1:** Copy of **certificate of occupancy dated December 12, 1984.**

2.      The following documents submitted by Respondent at the hearing:

      **Respondent's Exhibits #1:** Copy of **letter to tenants dated 1/20/03;**

      Respondent's Exhibits #2: Copy of letter from Petitioner dated March 11, 2003;

      Respondent's Exhibits #3: Copy of acknowledgement of notice to vacate;

      Respondent's Exhibits #4: Copy of letter from Petitioner dated April 1, 2003;

      **Respondent's Exhibits #5:** Copy of **lease dated May 19, 2003;**

      Respondent's Exhibits #6: Copy of concession addendum June 5, 2003

      Respondent's Exhibits #7: Copy of concession addendum June 5, 2003;

      Respondent's Exhibits #8: Copy of certification of limited partnership dated February 8, 1999;

      **Respondent's Exhibits #9:** Copy of **assignment of partnership interests dated June 21, 1994**

      Respondent's Exhibits #10: Copy of registration dated June 29, 1994; and

      Respondent's Exhibits #11: Copy of registration dated March 22, 2004;

3.      The following item over which the Examiner took official notice, in accordance with the District of Columbia Administrative Procedures Act, D.C. Official Code § 2-509 (c) (2001) and Carey v. District of Columbia Unemployment Compensation Bd., 304 A.2d 18 (D.C. 1973): RACD registration files for 4100 Massachusetts Avenue, N.W., Washington, D.C.

T/P 28,013
Page 4

### Registration

The Respondent testified that the subject property 4100 Massachusetts Avenue, NW, is exempt from the purview of Title II of the Act based on D.C. Official Code 42-3502.05 (a)(2) which provides an exemption for:

(C)    The housing provider of the housing accommodation files with the Rent Administrator a claim of exemption statement which consists of an oath or affirmation by the housing provider of the valid claim to the exemption. The claim of exemption statement shall also contain the signatures of each person having an interest, direct or indirect, in the housing accommodation. Any change in the ownership of the exempted housing accommodation or change in the housing provider's interest in any other housing accommodation which would invalidate the exemption claim must be reported in writing to the Rent Administrator within 30 days of the change; and

.....

(f) Within 120 days of July 17, 1985, each housing provider of any rental unit not exempted by this act and not registered under the Rental Housing Act of 1980, shall file with the Rent Administrator, on a form, approved by the Rent Administrator, a new registration statement for each housing accommodation in the District for which the housing provider is receiving rent or is entitled to receive rent. Any person who becomes a housing provider of such a unit after July 17, 1985 shall have 30 days within which to file a registration statement with the Rent Administrator. No penalty shall be assessed against any housing provider who, during the 120 day period, registers any units under this chapter, for the failure to have previously registered the units.

Petitioner alleges that on December 4, 1984, 4100 Massachusetts Avenue Associates secured a Certificate of Occupancy for the housing accommodation at 4100 Massachusetts Avenue NW. Petitioner alleges that Respondent (then Avalon Properties, Inc). dated June 29, 1994, indicated that Avalon Properties was a general partner to 4100 Massachusetts Avenue Associates. Therefore, as the new owner, Avalon Properties was required to secure and include its name on a new Certificate of Occupancy.

The Respondent, through counsel, alleges that the property was exempt from rent control based on the evidence in the record. Respondent provided the Examiner with a copy of a Registration/Claim of Exemption Form dated March 11, 1996 (Ex. #502216) and June 29, 1994(519099), as well as a copy of the Rental Unit Registration Fee Payment Receipt, and copy of Certificate of Occupancy for 4100 Massachusetts Avenue, NW. Respondent confirmed that the owner of the property was the same owner listed on Petitioner's lease (Respondent Exhibit #5), contrary to Petitioner's allegation that this was not the case.

20
pa

T/P 22,013
Page 5

In Goodman v. District of Columbia Rental Housing Commission, D.C. Wash. L. Rptr. 118, 1285 (D.C. Court of Appeals, (June 12, 1990) the Court ruled that the "landlord has the burden of proving that he is exempt from the coverage of the Rental Housing Act, and the statutory exemptions are to be narrowly construed, (citing) Revithes v. District of Columbia Rental Housing Commission, 536 A. 2d 1007 (D.C. App. 1987); Remin v. District of Columbia Rental Housing Commission, 471 A.2d 275, 279 (D.C. App. 1984).

Based on the evidence presented, the Examiner determines that the Respondent has met his burden of proving that he is exempt from the coverage of Title II of the Rental Housing Act. Accordingly, the Examiner finds that the property is exempt from the purview of Title II of the Act.

Because it has been determined that the property is presently exempt, the Examiner is without jurisdiction to adjudicate Petitioner's allegation of illegal rent or any other Title II claims raised by Petitioner. Accordingly, all issues in the instant petition are dismissed.

### Findings of Fact

After a careful evaluation of all the evidence, the Examiner finds, as a matter of fact:

1.    Petitioner has been a tenant at 4100 Massachusetts, N.W., Washington, D.C. 20011 since April 27, 2002.

2.    4100 Massachusetts Avenue Associates owns the housing accommodation located at 4100 Massachusetts Avenue, N.W., Washington, D.C. 20011

3.    Respondent has properly registered the property.

4.    The housing accommodation is exempt from rent control.

5.    Respondent filed a valid registration/claim of exemption on June 29, 1994.

6.    Respondent filed a valid registration/claim of exemption on March 11, 1996.

### Conclusion of Law

After a careful evaluation of all the evidence and findings of fact, the Examiner concludes, as a matter of law:

1.    Respondent has met his burden of proving that the subject property, 4100 Massachusetts Avenue, N.W., is properly registered pursuant to D.C. Official Code § 42-3502.05 (2001).

T/P 28,013
Page 6

2.      The petition is dismissed.

## ORDER

It is hereby ORDERED this MAY 2 4 2004 that:

1.      Tenant Petition #28,013 is DISMISSED WITH PREJUDICE.

2.      This Decision is effective immediately.

### Right to File Motion for Reconsideration or to Appeal

Any party who believes that this Decision is either: (1) the result of a default judgment because of that party's failure to appear at the hearing; (2) contains typographical, numerical, or other technical errors; (3) contains clear error that is evident on its face; or (4) should be reconsidered because newly discovered evidence exists which could not have been discussed at the hearing, may file a Motion for Reconsideration with the HRA/RACD.

Any party who believes this Decision is not supported by the evidence before the Hearing Examiner or that the law was applied incorrectly, may request a review by the Rental Housing Commission, by filing a Notice of Appeal. The notice must set forth the specific reasons for appeal which must be based on the evidence in the official record or the application of the law.

The filing of either a Motion for Reconsideration or a Notice of Appeal shall stay the effectiveness of this Order until such time as the motion and/or appeal has been resolved.

Motions for Reconsideration and Appeals from the Rent Administrator's Decision must be file-stamped with the RACD or the Commission, respectively, and served on opposing parties within ten (10) days of the Decision of the Rent Administrator, excluding Saturdays, Sundays, and holidays on or before JUN 1 1 2004, allowing three (3) days for mailing pursuant to 14 DCMR § 3912.5. All pleadings and other filings shall be deemed filed when actually received and stamped by the RACD or Commission during business hours (9:00 a.m. to 3:00 p.m.) on or before the due date.

Address any Motion for Reconsideration to:

Housing Regulation Administration
941 North Capitol Street, NE Room 9100
Washington, D.C. 20002

TYP 28,013
Page 7

**Right to file a motion for Reconsideration or Appeal** [continued]

Address any Notice of Appeal to:

       **Rental Housing Commission**
       941 North Capitol Street, NE Room 9200
       Washington, D.C. 20002

Motions for Reconsideration must be decided within ten (10) days from the date on which they are filed. If no ruling on the motion issued within those ten (10) days, the motion is automatically denied.

The time for appeal does not run while a Motion for Reconsideration is pending. However, once a ruling on a Motion for Reconsideration is issued or the time to decide such a motion lapses, the ten- (10) days, to file an appeal begins to run again.

The failure of the party to file a timely appeal shall result in the waiver of the right to have this Decision reviewed by the District of Columbia Court of Appeals.

_Carl Bradford_

**CARL BRADFORD, Hearing Examiner**
Hearing Examiner Division
Housing Regulation Administration
Department of Consumer and Regulatory Affairs

T/P 28,013
Page 8

Copies to:

Melissa S. Polito, Esq.
9200 Basil Court
Suite 300
Largo, Maryland 20774

Russell Lee
4100 Massachusetts Avenue, NW
Apt. #1319
Washington, D.C. 20016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the Decision and Order in T/P 28,013 was mailed by priority mail on this 21st day of May 2004 to the above-listed parties.

_Patricia Smith_
Certifying Party

24

# EXHIBIT B

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Department of Consumer and Regulatory Affairs

Office of the General Counsel



AUG ⁻5 2004

Russell L. Lee
4100 Massachusetts Avenue, NW #1319
Washington, DC 20016

Re: OGC Case #200400900

Dear Mr. Lee:

Please be advised that your complaint against AvalonBay Communities, Inc. was transmitted to the Rent Administrator, Housing Regulation Administration on August 5, 2004 for findings of facts and to take appropriate action where applicable. If you wish to do so, you may contact the Housing Regulation Administration within (10) business days on (202 442-4600) to determine the status of your case.

Should you have further questions, I can be reached at (202) 442-8511.

Sincerely,

Recita T. Evans
Dispute Resolution Specialist

JL/RTE:    IQ: 186934

941 North Capitol Street, N.E., Room 9400, Washington, D.C. 20002
Phone: (202) 442-8475  Fax: (202) 442-9447

25