SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RUSSELL L. LEE, )
)
    Plaintiff, )
)
vs. ) Case No. 05-0003114
) Judge Campbell
CARL BRADFORD, et al., )
)
    Defendants. )

## DEFENDANT AVALON BAY COMMUNITIES, INC.'S
## MOTION TO DISMISS

Defendant, Avalon Bay Communities, Inc., hereby moves this Court to dismiss the Complaint filed by Plaintiff Russell L. Lee for failure to state a claim upon which relief can be granted. As further grounds, the Court is respectfully referred to the attached Memorandum of Points and Authorities.

                                Respectfully submitted,

                                MARGOLIUS, MALLIOS & RIDER, LLP

                                /s/ Melissa S. Polito
                                Melissa S. Polito, #455673
                                1828 L Street, NW, Suite 500
                                Washington, D.C. 20036
                                (202) 296-1000
                                Counsel for Defendant Avalon Bay
                                 Communities, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Motion to Dismiss, Memorandum of Points and Authorities, and proposed Order were served via first class mail, postage prepaid, to:

Mr. Russell L. Lee
Plaintiff *Pro Se*
4100 Massachusetts Avenue, NW
Washington, D.C. 20036

Mr. Carl Bradford
Defendant
941 N. Capitol Street, NE
Room 7200
Washington, D.C. 20002

Rental Housing Commission
Defendant
941 N. Capitol Street, NE
Room 9200
Washington, D.C. 20002

Clarissa Thomas, Esquire
Defendant
405 Eighth Street, NE
Washington, D.C. 20002

Ms. Recita T. Evans
Defendant
941 N. Capitol Street, NE
Room 9400
Washington, D.C. 20002

_____
Melissa S. Polito

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| RUSSELL L. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-0003114 |
| ) | Judge Campbell |
| CARL BRADFORD, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT AVALON BAY COMMUNITIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, Avalon Bay Communities, Inc., hereby moves this Court to dismiss the Complaint filed by Plaintiff Russell L. Lee for failure to state a claim upon which relief can be granted. As further grounds, Avalon Bay Communities, Inc. respectfully states as follows:

### INTRODUCTION

The Plaintiff has been in virtually perpetual litigation with Defendant Avalon Bay Communities, Inc. ("Avalon") for over a year. Mr. Lee, who a review of Superior Court records would reveal is a frequent Plaintiff, has filed an utterly baseless Complaint alleging some vast conspiracy between Avalon and various District of Columbia employees and agencies. Avalon is merely Mr. Lee's landlord, and does not work in conjunction with the Rental Housing Commission or any of its employees, nor does it have any relationship with Mr. Lee's former attorney. Mr. Lee's Complaint is merely another in a long string of attempts to harass Avalon, and no doubt others. This Court should not reward Mr. Lee's abuse of the Court's process, and should dismiss this baseless and harassing Complaint.

## PROCEDURAL BACKGROUND

Plaintiff Russell L. Lee ("Mr. Lee") is a tenant residing at 4100 Massachusetts Avenue, NW ("Avalon at Foxhall"), a property managed by Avalon. There is currently pending an appeal before the Rental Housing Commission, another purported Defendant to the instant lawsuit, involving Mr. Lee and Avalon. Specifically, Mr. Lee brought a complaint before the Rental Housing Commission alleging that Avalon had violated the District of Columbia Rent Control Act ("the Act"). A hearing was held before Carl Bradford ("Mr. Bradford"), Hearing Examiner, on February 4, 2004. Mr. Bradford issued his Decision and Order on May 24, 2004, dismissing Mr. Lee's petition with prejudice. A copy of the Decision and Order was attached to Mr. Lee's Complaint. Mr. Lee has now named Mr. Bradford as a Defendant to this lawsuit. Mr. Lee appealed Mr. Bradford's Decision to the Rental Housing Commission, also a Defendant to this action. The Rental Housing Commission has not yet rendered a decision on Mr. Lee's appeal.

## ARGUMENT

I. **The Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Mr. Lee's Complaint appears to state a claim for "conspiracy." Under District of Columbia law, the elements of civil conspiracy are: 1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme. *See Griva v. Davison*, 637 A.2d 830, 848 (D.C. 1994). Mr. Lee does not plead anything relating to any of the elements, and his Complaint must, therefore, be dismissed.

2

A. **Mr. Lee Does Not Allege an Agreement Between Two or More Persons, Nor a Common Scheme.**

To survive a dispositive motion, there must be some evidence of an unlawful agreement. *See Weishapl v. Sowers*, 771 A.2d 1014, 1024 (D.C. 2001)(affirming dismissal of civil conspiracy claim because there was "no evidence of an unlawful agreement"). Mr. Lee's Complaint merely states baldy that the Defendants "conspired to deprive Plaintiff of the equal protection of the laws of the District of Columbia, particularly those relating to the Rental Housing Act of the District of Columbia . . ." Complaint at ¶ X. He goes on to allege that the Defendant "conspired" to deprive him of the rights provided to him by the following; Article I, §8 of the United States Constitution (the Commerce Clause); Article IV, § 4 of the United States Constitution (Federal protection of States and the Republican form of government); The Thirteenth Amendment to the Constitution (Abolition of Slavery); the Fourteenth Amendment to the Constitution (equal protection, due process, and privileges and immunities); 28 U.S.C. 1331 and 1343 (giving original jurisdiction to Federal District Courts); and 42 U.S.C. §§ 1981-1988 (civil rights). Complaint at ¶¶ III and X.

It is inconceivable in reviewing the Complaint to determine just how he alleges that Avalon had an agreement with any of the other Defendants to deprive Mr. Lee of any of the rights enumerated in his Complaint, as, of course, there was none. In fact, Mr. Lee alleges no relationship at all between Avalon and any of the other Defendants. Indeed, there is no relationship between Avalon and any of the other Defendants, other than the fact that Avalon has appeared as a party before Mr. Bradford and the Rental Housing Commission. It follows, then, that there is no "common scheme." Mr. Lee's Complaint, therefore, must be dismissed.

### B.   Mr. Lee Does Not Allege that Avalon Participated in an Unlawful Act or in a Lawful Act in an Unlawful Manner.

Mr. Lee actually does not allege any unlawful act. He alleges that 4100 Massachusetts Avenue Associates, LP[1] ("the Partnership") filed a Certificate of Occupancy on December 4, 1984 for the building located at 4100 Massachusetts Avenue, NW, showing the building has 308 units. Complaint ¶ XI.1. Mr. Lee claims with no authority that when Avalon acquired an interest in the Partnership, it should have filed a new Certificate of Occupancy. Complaint ¶ XI.2. He alleges that Avalon increased his rent in May of 2003. Complaint ¶ XI.3. As a result, he filed a Tenant Petition before the Rental Housing Commission. Complaint ¶ XI.4. The remainder of his Complaint alleges that the parties offered differing legal theories before the Hearing Commissioner, that the Hearing Commissioner found against Mr. Lee, that he appealed the decision, and that he hired an attorney, who agreed that his legal theories were not accurate, and that the Rental Housing Commission has not yet rendered a decision. Complaint ¶¶ XI. 5-16.[2]

Mr. Lee's biggest complaint appears to be that neither Avalon, Mr. Bradford, nor Ms. Thomas, his attorney agreed with him that the case of *Price v. District of Columbia Rental Housing Comm'n*, 512 A.2d 263 (D.C. 1986) is applicable. In fact, it is not. *Price* deals with the "small landlord exemption" to the rent control laws. Avalon has never claimed to be exempt under the "small landlord exemption." In fact, Avalon is exempt from rent control under D.C. Code § 42-

---

[1]   4100 Massachusetts Avenue, LP owns 4100 Massachusetts Avenue, NW, the building in which Mr. Lee resides. Avalon owns a share of the partnership.

[2]   All of these allegations, though unfounded, are currently appropriately before the Rental Housing Commission. Mr. Lee should not be permitted to bring identical allegations in two judicial bodies contemporaneously. It is a waste of resources - both judicially and of the parties.

3502.05(a)(2), which exempts any property "for which the building permit was issued after December 31, 1975." In this case, the Certificate of Occupancy was not issued until December 2, 1984, as asserted by Mr. Lee in his Complaint. See Complaint ¶ XI.1.[3] *Price*, therefore, is inapposite. The Hearing Examiner's decision was absolutely appropriate. In any event, a disagreement over legal precedent is hardly illegal conduct. His Complaint must be dismissed due, among other things, his failure to enumerate any "illega act" that could give rise to his claim for conspiracy.

C. **Mr. Lee Fails to Allege an Injury Caused by an Unlawful Overt Act Performed by One of the Parties.**

Mr. Lee alleges no concrete injury - only that he was "embarrassed, humiliated, suffered mental and emotional distress and discomfort, and also has sustained loss of peace of mind . . ." Complaint ¶ XIII. It is not sufficient to allege baldly emotional damages. "In general, 'a case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"'" *Homan v. Goyal*, 711 A.2d 812, 818 (D.C.1998) (quoting Restatement (Second) of Torts §§ 46 (1965)). Further, "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not constitute the "extreme and outrageous conduct necessary to recovery damages for emotional distress." *Homan, supra* note 4, 711 A.2d at (quoting *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C.1980) (citations omitted)).

---

[3] Further, as set forth in the attachment to Mr. Lee's Complaint, Avalon introduced before the Hearing Examiner copies of the Registration/Claim of Exemption Forms dated march 11, 1996 and June 29, 1994. Exhibit A at 4. The Hearing Examiner specifically found that "Respondent filed a valid registration/claim of exemption on June 29, 1994 . . . [and] March 11, 1996." Exhibit A at 5.

5

In order to recover emotional damages, moreover, "plaintiff must suffer from severe emotional distress 'of so acute a nature that harmful physical consequences might be not unlikely to result." *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856 (D.C. 1999) (quoting *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C.), cert. denied, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982)). Mr. Lee does not allege any such damages, but only baldly says that he suffered some vague emotional damages. This is not sufficient. Mr. Lee's Complaint, therefore, must be denied.

## CONCLUSION

Mr. Lee's only real complaint is that "justice delayed is justice denied." He claims a conspiracy between various District employees and agencies, his landlord, and his former attorney to delay his "justice." The fact is that cases do not always move through the Rental Housing Commission as quickly as the parties would hope. However, Avalon is not responsible for nor accountable for the Commission's schedule. It has no relationship whatsoever to the Commission or its employees. Given the facts in the light most favorable to Mr. Lee, he absolutely cannot prove a conspiracy between Avalon and any other Defendants to deprive Mr. Lee of his rights. His Complaint, therefore, must be dismissed.

WHEREFORE, for the foregoing reasons, the Defendant, Avalon Bay Communities, Inc. respectfully requests that this Court dismiss the Plaintiff's Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

MARGOLIUS, MALLIOS & RIDER, LLP

*Melissa S. Polito /ssm*
Melissa S. Polito, #455673
1828 L Street, NW, Suite 500
Washington, D.C. 20036
(202) 296-1000
Counsel for Defendant Avalon Bay
Communities, Inc.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RUSSELL L. LEE,                )
                               )
    Plaintiff,                 )
                               )
vs.                            )   Case No. 05-0003114
                               )   Judge Campbell
CARL BRADFORD, et al.,         )
                               )
    Defendants.                )

### ORDER

UPON CONSIDERATION of Defendant Avalon Bay Communities, Inc.'s Motion to Dismiss, and the Opposition thereto, if any, and the entire premises considered, it is this _____ day of _____, 2005, by the Superior Court of the District of Columbia,

ORDERED, that Defendant Avalon Bay Communities, Inc.'s Motion to Dismiss be, and the same, hereby, is GRANTED; and it is further,

ORDERED, that the Plaintiff's Complaint is DISMISSED WITH PREJUDICE as it pertains to Avalon Bay Communities, Inc.

_____
JUDGE, Superior Court of the District
of Columbia

copies to:

Melissa S. Polito, Esquire
1828 L Street, NW
Suite 500
Washington, D.C. 20036

Mr. Russell L. Lee
4100 Massachusetts Avenue, NW
Washington, D.C. 20036

Mr. Carl Bradford
Defendant
941 N. Capitol Street, NE
Room 7200
Washington, D.C. 20002

Rental Housing Commission
Defendant
941 N. Capitol Street, NE
Room 9200
Washington, D.C. 20002

Clarissa Thomas, Esquire
Defendant
405 Eighth Street, NE
Washington, D.C. 20002

Ms. Recita T. Evans
Defendant
941 N. Capitol Street, NE
Room 9400
Washington, D.C. 20002