UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL L. LEE,<br><br>            Plaintiff,<br><br>       v.<br><br>CARL BRADFORD, et al.,<br><br>            Defendants. | Civil Action 05-01450 (HHK) |

ORDER DIRECTING PLAINTIFF TO RESPOND TO
DEFENDANT'S DISPOSITIVE MOTION

This matter comes before the court upon defendant AvalonBay Communities, Inc.'s motion to dismiss, filed December 28, 2005 [#9].[1]

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice ... should include an explanation that the failure to respond ... may result in the district court granting the motion and dismissing the case." *Id.* at 509. Failure to respond to the defendant's motion to strike may result in the court granting that motion as conceded, thereby possibly resolving the entire case in favor of defendant.

---

[1] The court notes that defendant AvalonBay Communities, Inc. includes multiple exhibits with its motion. Generally, when determining whether a complaint fails to state a claim, a court may not look outside the facts contained within the four corners of the complaint unless it treats the motion to dismiss as a motion for summary judgment. See FED. R. CIV. P. 12(b); *Currier v. Postmaster Gen.*, 304 F.3d 87, 88 (D.C. Cir. 2002). A court may, however, "take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001); *see also Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 100 n.5 (D.D.C. 2003); 2 MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2000). Thus, because the exhibits attached to defendant's motion to dismiss are all matters of which the court may take judicial notice, the court need not convert defendant's motion to dismiss into a motion for summary judgment.

Accordingly, it is by the court this 3rd day of January, 2006,

**ORDERED** that plaintiff file his opposition to defendant's motion on or before January 30, 2005. If plaintiff fails to file a response or opposition to defendant's motion by this deadline, the court may enter judgment in favor of defendant. *See* LCvR 7(b).

                                                  Henry H. Kennedy, Jr.
                                                  United States District Judge