DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION

TP 28,013

In re:  4100 Massachusetts Avenue, N.W., Unit 1319

Ward Three (3)

RUSSELL L. LEE
Tenant/Appellant

v.

DEBRORAH PITONYAK
Housing Provider/Appellee

**ORDER ON TENANT'S MOTION REQUESTING ORDER COMPELLING COUNSEL TO RETURN RETAINER FEE**

**February 11, 2005**

**BANKS, CHAIRPERSON.** This case is on appeal to the Rental Housing Commission from a decision and order issued by the Rent Administrator, based on a petition filed in the Rental Accommodations and Conversion Division (RACD). The applicable provisions of the Rental Housing Act of 1985 (Act), D.C. Law 6-10, D.C. OFFICIAL CODE §§ 42-3501.01-3509.07 (2001), the District of Columbia Administrative Procedure Act (DCAPA), D.C. OFFICIAL CODE §§ 2-501-510 (2001), and the District of Columbia Municipal Regulations (DCMR), 14 DCMR §§ 3800-4399 (1991), govern the proceedings.

**I.    THE PROCEDURES**

On May 24, 2004, Hearing Examiner Carl Bradford issued the decision and order. On June 3, 2004, Russell L. Lee, Tenant, filed a notice of appeal in the Rental Housing Commission. On October 12, 2004, Tenant filed "Appellant's Response to Motion to Withdraw." On January 7, 2005, the Tenant filed "Release of Counsel." On January 28,

2005, the Tenant filed "Request for Order Compelling Counsel to Return Retainer Fee." On February 3, 2005, the Commission rejected by order the Tenant's counsel's attempt on February 2, 2005, to file by fax an "Opposition to Request for Order to Compel Counsel to Return Retainer Fee." That document was later properly filed in the Commission on February 7, 2005. On February 8, 2005, the Tenant filed "Supplement to Request for Order Compelling Counsel to Return Retainer Fee."

## II.    THE ISSUE

Whether the Commission has jurisdiction over the issue of the return or refund of an attorney's fee.

## III.    THE ORDER

The Rent Administrator has jurisdiction over complaints and petitions arising under subchapters II, IV, V, VI, and IX of the Rental Housing Act of 1985, D.C. OFFICIAL CODE § 42-3502.04 (2001). The Commission has jurisdiction over appeals brought to it from decisions of the Rent Administrator. D.C. OFFICIAL CODE § 42-3502.02 (2001). The Rent Administrator and the Rental Housing Commission have no jurisdiction over set offs or items not related to rent ceilings, rent refunds, retaliation or eviction. See Whitmore v. Myers, TP 20,355 (RHC Sept. 17, 1987). The Act does not give jurisdiction to the Commission to order reimbursements for lost or damaged property. See The Vista Edgewood Terrace v. Rascoe, TP 24,858 (RHC Oct. 13, 2000); Mersha v. Town Center Ltd. P'ship, TP 24,970 (RHC Dec. 21, 2001). Similarly, the Act does not give the Commission jurisdiction over attorney retainer fee disputes. Specifically, to this appeal, the Commission does not have jurisdiction over the issue of whether the Tenant is owed a refund of all or part of the retainer he paid his attorney.

## IV.    THE CONCLUSION

The Commission does not have jurisdiction over the issue of whether the Tenant is entitled to a refund of the attorney's fee. The Tenant's counsel stated, in her opposition, and the Commission agrees, that the Tenant must raise the issue of the refund of the attorney's fee with the Attorney – Client Arbitration Board of the District of Columbia Bar, 1250 H Street, N.W., Washington, D.C. 20005, (202) 737-4700, Extension 238. The issue is dismissed for want of jurisdiction by the Commission.

SO ORDERED.

_____
RUTH R. BANKS, CHAIRPERSON

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing ORDER ON TENANT'S MOTION REQUESTING ORDER COMPELLING COUNSEL TO RETURN RETAINER FEE, in TP 28,013 was mailed by priority mail, with confirmation of delivery, postage prepaid this 11th day of February 2005 to:

Clarissa Thomas, Esquire
403-405 8th Street, N.E.
Washington, D.C. 20002

Russell L. Lee
4100 Massachusetts Avenue, N.W.
Apt. 1319
Washington, D.C. 20016

_____
LaTonya Miles
Contact Representative
(202) 442-8949