GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
Rental Housing Commission
941 North Capitol Street NE, Room. 9200
Washington, DC 20002

| | |
|---|---|
| RUSSELL L. LEE,   Tenant/Appellant, | ) ) ) |
| v. | ) TP No. 28,013 ) |
| DEBORAH PITONYAK,   Respondent/Appellee. | ) ) ) |

**SUPPLEMENT TO REQUEST FOR ORDER
COMPELLING COUNSEL TO RETURN RETAINER FEE**

Appellant thanks the Commission for attaching a copy of Thomas' Opposition to Request for Order Compelling Counsel to Return Retainer Fee to its Order on Filing by Fax as Thomas, it seems, never mailed Appellant a copy thereof. Thomas' Certificate of Service is dated February 2, 2005. The Commission's Order is dated February 3, 2005.

It is particularly troubling that Thomas disputes or takes exception to Tenant's accounting as to amount of the fee, telling the Commission:

1

>With respect to refunding $1,500.00 for the tenant petition, the appellant is not entitled to a refund as the fee was for two matters, landlord-tenant and tenant petition.

Appellant need not burden the Commission with many words; a copy of the Retainer Agreement is attached hereto; it reads, in relevant part:

>The client agrees that he/she had/is paying a **NON-REFUNDABLE minimum retainer fee of $ 950.00 for landlord and tenant bench trial and 1,500.00 for appeal w/DC DCRA** to the Firm and that the fees will be billed against the retainer.

Finally, Lee knows of no "irreconcilable difference" between Thomas and Lee other than Thomas' position that *Goodman*, *Yasuna* and *Price* – cases Tenant relies on – were overridden by *Seman*. But even if irreconcilable differences are involved, Thomas has done nothing to earn a fee. She does not dispute the fact that all she has done has been to sign in and sign out, signing out in this case at the last minute. D.C. Code section 22-3831(b)(1) and (2) specifies that:

>(b) A person commits the offense of theft

2

if that person wrongfully obtains or uses the property of another with intent: (1) To deprive the other of a right to the property or a benefit of the property; or (2) To appropriate the property to his or her own use. . . .

There are laws on the books in the District against defrauding senior citizens and the elderly. lastly, there is the notion of the implied covenant of good faith and fair dealing. This notion has application herein, likely.

Thomas is a better person than she has shown in this case. She need not deign below her level. Once she moves up morally a notch and unconfuses herself, she is going to make an advocate most excellent for litigants fortunate enough to have her - tomorrow, that is, not today.

DATED: February 4, 2005

Respectfully submitted,

Russell L. Lee, pro se
#1319
4100 Massachusetts Ave., NW
Washington, DC 20016

3

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a true and correct copy of the foregoing upon the defendant by depositing a copy of the same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

Clarissa Thomas-Edwards, Esquire
403-405 8th Street, NE
Washington, DC 20002

Melissa S. Polito
9200 Basil Court, Suite 300
Largo, Maryland 20774

This 4th day of February 2005.

_____
RUSSELL L. LEE

client waives any right to them

4

**THE LAW OFFICE**
**OF**
**C. THOMAS, CHARTERED**
403-405 8th Street, NE
Washington, DC 20002
202-546-0638
202-543-2623 (fax)

Clarissa Thomas, (Admitted in DC)
Leonard C. Collins, Of Counsel
(Retired – Deceased 2003)

**RETAINER AGREEMENT**

**Client #1**

Name:   Russell L. Lee                        Phone No.: 202-364-1187        (home)

Address: 4100 Massachusetts Ave., NW, # 1319                                 (work)

         Washington, DC 20016                                                (cell)

1. The Client(s) hereby retain the services of Clarissa Thomas and The Law Office of C. Thomas, Chartered, to represent them in the matter involving: **Landlord and Tenant Bench Trial and Appeal w/DC Rental Accommodations**

2. I/We agree to provide the firm true copies of all documentary materials in my/our possession or in the possession of my/our agents, servants and/or employees relating to this matter. Originals shall only be delivered upon written request of an attorney. If the matter is litigated, the firm is authorized to file such legal pleadings as its judgment dictates are required or appropriate. The Client shall notify the firm promptly of any change(s) of address and telephone numbers.

3. The fee for legal representation shall be on an hourly basis, with the exception of fixed fee services set on the reverse side. *Senior, partners' hourly fees shall be billed from $ 175.00 per hour* for the year this agreement is executed. The time expended at the initial meeting shall be part of the billable fee and shall be so billed. *Associate attorney's hourly fees shall be billed from $100.00 per hour* depending on the attorney and the degree of difficulty of the work involved for all the time expended on the case including attendance in court. *Paralegal hourly fees shall be billed from $50.00 per hour.* The client agrees that he/she had /is paying a **NON-REFUNDABLE** *minimum retainer fee of $ 950.00 for landlord and tenant bench trial and 1,500.00 for appeal w/DC DCRA* to the Firm and that the fees will be billed against the said retainer. *The retainer must be paid in full before any work can be established* in the matter in which you have attained counsel for. In addition, this retainer fee is the property of the attorney and The Law Firm and the client waives any right to them. Representation of client is contingent upon the retainer fee being paid in full or otherwise, regardless of this signed retainer agreement. **Any retainer fee that is agreed to be paid in monthly installments must be paid in full 45 days or at a time to be determined before the final proceedings or purpose of representation is to b e concluded.** The client also agrees that the aforementioned hourly rate and retainer fees are *exclusive of costs*. The client will be billed *separately for all out of pocket expenses including but not limited to: photocopying, filing fees, service of documents, telephone calls and other expenses incurred including but not limited to the costs of depositions, service of subpoenas, and use of expert witnesses* in the connection with the Firm's representation of the client. The client understands and agrees that the time for services rendered will be billed periodically and shall be paid upon receipt of notice of bill. A minimum billing segment of 2/10 of an hour for telephone conferences and letters may be employed. It is understood that the bill for legal services *shall be kept current and a 1 ½% per month later fee charge will be added to the balance due every 30th day* that the balance is remaining. In addition the client agrees that the fee schedule may be

February 5, 2005

Mr. & Mrs. Albert Elmore
75 Chatsworth Pl.
Newnan, GA 30265

Dear Al:

    How are you? All's well here, thanks be to God.

    The time has finally rolled around; I'll be needing a set of computations on or before February 16, which gives you plenty of time.

    Please compute:

    1. $22.62 payable per week for the period from November 19, 1991 through May 19, 1998; interest payable per week at 30 percent, compounded;

    2. $42.76 payable per week for the period from May 20, 1998 through February 16, 2005; interest payable per week at 30 percent, compounded; and

    3. $20,000 payable per year for the period from November 26, 1991 through February 16, 2005; interest payable per year at 30 percent, compounded.

    This was placed in the mail today, early Saturday morning; you should have it by Wednesday.

Will call you Wednesday evening, February 9, to make sure we're on the same page.

    Thanks a lot, Al.

Sincerely,


Russell L. Lee

4100 Massachusetts Ave.,
NW, #1319,
Washington, DC 20016
202.364.1187