THE LAW OFFICE
OF
C.THOMAS, CHARTERED
403-405 8th Street, NE
Washington, DC 20002
202-546-0638
Fax-202-543-2623

September 29, 2004

Mr. Russell Lee
4100 Massachusetts Avenue, NW #1319
Washington, DC 20016-4786

Dear Mr. Lee:

    Our office was generally retained to represent you in eight separate matters. Our office executed two retainer agreements with you, one for a landlord tenant and tenant petition in the amount of $2,450.00 and another for small claims, domestic relations and four civil matters in the amount of $2,225.00.

    1.    Lee v. Lee – a domestic relations matter that involves an objection to the out of state divorce/separation agreement and property distribution. We discovered that this matter had been dismissed by the clerks office for failure to file proof of service.

    2.    Lee v. Johnson - a small claims matter, which has already been tried.

    3.    Lee v. GTE – a matter involving quadro. Civil.

    4.    Lee v. Avalon Communities – a hearing before the Rental Housing Commission which we subsequently withdraw from because we deemed it was without merit.

    5.    Avalon Communities v. Lee – a landlord tenant matter where we filed a motion to vacate, verified answer and demand and it is currently set for pretrial on September 30, 2004.

    6.    Lee v. State Compensation Fund –(1) this matter currently on appeal before the Superior Court of Appeals.

7.      Lee v. State Compensation Fund – (2) the matter that was previously dismissed.

8.      Lee v. State Compensation – (3) Civil matter on appeal in US District Court of Appeals. At the small claims trial of Lee v. Johnson, Ms. Johnson mentioned a workmen compensation regulation, which requires that attorneys' fees be approved. At that time, Judge Goodbread and I were unaware of any such statute. I looked at the District of Columbia statute and while it is not applicable to you because your injury did not occur in DC and the company has no principal office or contact with DC, the California and/or Georgia statutes are similar. Thus, now that we are aware of the regulation, I concluded that it would be best to return the retainer for three of the claims that involved the workmen's compensation issues, Lee v. State Compensation, (1), (2) and (3). You paid $2,225.00 and I am returning your retainer paid for the three workmen's compensation issues, which total $1,225.00. While you are not covered by District of Columbia workmen's compensation act, I am returning said retainer fees for the three matters. Also, after speaking to the ethic's office at the DC Bar, they also recommend that we return the retainer fee. I do not want to do anything that would appear inappropriate.

In addition, I have thoroughly reviewed all of your claims, done extensive research and I can't find anything that would support your position in the following matters.

First, Lee v. State Fund – (1), (2), and (3), all involve the same claim that you are entitled to enforce an award that occurred in another state. While we endeared to stretch the argument of jurisdiction, it is unlikely that the court will find that an agency that has little, if any contact with the District can be subject to the District of Columbia Courts' jurisdiction.

Thus, in addition to returning the retainer because of the workmen's compensation issue, I am also returning the same because I can't find any law that supports our theory. My concern is Rule 11 sanctions, which implicitly indicates that a lawyer can't file any frivolous pleadings. I understand that you assert that you are well versed in the law – I deem it best that I withdraw from the above-mentioned matters. I have done countless hours of research and I can find nothing in support of a position. Notwithstanding your accusations in your letters, which I vehemently deny. I have done my job and I am honest, that is why I am returning your fee and giving you my position on the legal theory. I will continue with the Landlord Tenant matter and other matters if you so desire. I also have previously informed Ms. Polito that we will withdraw the rodent claim as you requested in the landlord tenant matter. Enclosed herewith is a check in the amount of $1,225.00.

Also, I can't take the Georgia claim because it will take to long to get waived in. We did contact the Georgia clerk's office, which indicated that you have 30 days from the certificate of service date to respond to the motion. You also have until October 6, 04 to file your brief in Lee v. State Compensation Fund in Superior Court of Appeals. While

it took additional time to research all of your matters, there are eight cases. I have also enclosed an invoice, which demonstrates the work that we did in your matters. The retainer agreement shall now reflect that you do not owe any additional retainer fees or fees generated in any of the state fund cases. If you desire for this firm to continue to represent you in the landlord tenant matters, this and the small claims matters are the only ones that you will be billed for in the future, unless you also desire to proceed with the domestic relations and the GTE matter.

    Thank you in advance,

Sincerely

Clarissa Thomas

CT/mdt