SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
Landlord & Tenant Branch

| | |
|---|---|
| AVALONBAY COMMUNITIES, | ) |
| Landlord | ) ) ) |
| v. | ) Case No. LT021729-04 ) |
| RUSSELL L. LEE, | ) ) |
| Tenant. | ) |

**MOTION FOR IMPOSITION OF RULE 11
SANCTIONS AGAINST COUNSEL CLARISSA T. EDWARDS**

COMES NOW the Tenant Russell L. Lee and moves the Court, pursuant to Rule 11, F.R.Civ.P., for an order assessing sanctions against Counsel Clarissa T. Edwards.

On July 20, 2004, Ms. Edwards charged Tenant a retainer fee of $1500 to represent him in an "Appeal w/DC Rental Housing Accommodations," as she put it.

By signing a praecipe to enter an appearance, Edwards assured the Rental Housing Commission (RHC) that Tenant's "claims and other legal contentions are warranted by existing law. .

1

."

A month later, however, she changed her mind and offered a different story: "Your case is unwinnable." Thereby she advised Tenant that his claims and other legal contentions are *not* warranted by existing law – a complete turn-around.

Edwards withdrew her appearance, she said, because *Seman v. D.C. Rental Hous. Comm'n*, 552 A.2d 863 (1989), had overridden *Price v. District of Columbia Rental Hous. Comm'n*, 512 A.2d 263, 267-68 (D.C. 1986), and *Yasuna v. D.C. Rental Housing Comm'n*, 504 A.2d 605 (1986), (cases Tenant relied on and still relies on). The Court judicially may notice: these cases are in perfect harmony with each other and without conflict.

In the evening of August 25, 2004, Ms. Edwards caused Tenant to sign a CONSENT PRAECIPE dated August 26, 2004 indicating her withdrawal as Tenant's representative. She would cause the praecipe to be "hand-delivered the next morning to

2

the RHC at 941 N. Capitol Street, NE." She did not do so but even if she did, she nonetheless violated Rule 1.16(d) of D.C. Rules of Professional Conduct, which provides:

> In connection with any termination of representation, a lawyer shall take timely steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned.

It is illegal for a lawyer to abandon her client on the morning of a scheduled hearing. *Atlantic Petro. Corp. v. Jackson Oil*, 572 A.2d 469 (1990). Edwards cannot circumvent the Rules by the claim that she read copies of cases at the eleventh hour. Does Edwards routinely sit on her hands and then at the last minute commence preparation for battle?

The District of Columbia has laws against defrauding senior citizens of their fixed income money. In addition to that, D.C. Code section 22-

3

3831(b)(1), (2) provides

> A person commits the offense of theft if that person wrongfully obtains or uses the property of another with intent: (1) To deprive the other of a right to the property or a benefit of the property; or (2) To appropriate the property to his or her own use. . . .

In the underlying action, Counsel simply signed in and signed out. Otherwise she accomplished nothing except to cause Tenant pain and emotional distress. The facts suggest: Edwards' sole aim in this case was to defraud Tenant of the retainer fee – a scheme smacking of malpractice. She should have determined whether the case was winnable or not at the outset.

This 4th day of January 2006.

Respectfully submitted,

Russell L. Lee
#1319
4100 Massachusetts Ave., NW
202.364.1187

4

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of January 2006, a copy Lee's Release of Counsel was sent via first class mail, postage prepaid, to:

Clarissa T. Edwards, Esquire
403-405 8th Street, NE
Washington, DC 20002

Melissa S. Polito, Esquire
1828 L Street, NW
  Ste. 500
Washington, DC 20036

_Russell L. Lee_

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Landlord & Tenant Branch

| | |
|---|---|
| AVALONBAY COMMUNITIES, ) | |
| ) | |
| Landlord ) | |
| ) | |
| v. ) | Case No. LT021729-04 |
| ) | |
| RUSSELL L. LEE, ) | |
| ) | |
| Tenant. ) | |

### ORDER

The Court has considered the Motion of Tenant Russell L. Lee seeking to impose Rule 11 sanctions against Counsel Clarissa T. Edwards. Ms. Edwards was properly served and had an opportunity to respond to the Motion. The Court has weighed and considered the pleadings and the positions of the parties, and opposition if any to the Motion. The Court has applied the applicable law thereto. Based on the foregoing, the Motion is **GRANTED**.

Ms. Edwards is found to be in violation of Rule 11. Tenant has incurred $1500.00 in attorney's fees.

1

Tenant is hereby awarded attorney's fees in the amount of $1500.00. Ms. Edwards is hereby ordered and directed to pay Tenant the amount of $1500.00, plus interest at the legal rate, within ____ days from the date of this Order

This ____ day of _____ 2006.

_____
Judge, D.C. Superior Court

2