UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL L. LEE,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )  No. 05-cv-1450(HHK)
                               )
CARL BRADFORD, et al.,         )
                               )
    Defendants.                )

PLAINTIFF'S OPPOSITION
TO DEFENDANT AVALONBAY'S MOTION TO DISMISS

COMES NOW the Plaintiff and opposes Defendant AvalonBay's Motion to Dismiss the Complaint because the District of Columbia Superior Court decision is not based on credible, reliable Evidence or any evidence at all.

More details grounds for this Motion are more fully set forth in the attached memorandum of points and authorities.

This 12th day of January 2006.

RECEIVED
JAN 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfully submitted,

Russell L. Lee

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL L. LEE,              )
                             )
        Plaintiff,           )
                             )
        v.                   )  No. 05-cv-1450(HHK)
                             )
CARL BRADFORD, et al.,       )
                             )
        Defendants.          )

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF APPELLANT'S OPPOSITION
TO DEFENDANT AVALONBAY'S MOTION TO DISMISS

*STATEMENT OF CASE*

This appeal arose from the Order by The Honorable John N. Campbell in the Civil Division of Superior Court granting Avalon's Motion to Dismiss the Complaint. The record shows no reason for dismissal.

*PROCEEDINGS BELOW AND STATEMENT OF THE FACTS*

On or about January 20, 2003, AvalonBay notified Appellant his rent would increase to $1859 per month from $1585 per month.

February 24, 2004: Appellant filed a complaint with the DCRA alleging, "The increase is

2

illegal because his *unit* at 4100 Massachusetts Ave., NW, is not exempt from rent control." D.C. Code section 42-3502.05(a)(2). *Price v. District of Columbia Rental Hous. Comm'n*, 512 A.2d 263.

A hearing was held on December 9, 2003. Avalon contended "The *property* is exempt from rent control," D.C. Code section 42-3502.05(a)(3), but cites no case law in support.

May 24, 2004: hearing examiner Carl Bradford found "The property is exempt from rent Control and dismissed the complaint." Appellant appealed to the District of Columbia Rental Housing Commission (RHC) on June 3, 2004.

April 22, 2005: Appellant brought an action in the Superior court alleging:

> Defendants, and each of them, conspired to impede, hinder, obstruct and defeat the due course and due process of law and justice in the District of Columbia; and further conspired to deprive Plaintiff of the rights, privileges and immunities secured by the Constitution and laws of the United States.

### COLOR OF LAW

3

One of the purposes for enacting Section 1983 was to provide a federal remedy where the state remedy, though adequate in theory, was not available in practice. *Monroe v. Pape*, 365 U.S. 167 (1961). The definition of action taken "under color" of state law is the "misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* "Private persons, jointly engaged with state officials in the prohibited action, are acting `under color'. . . ." *Adickes v. Kress & Co.*, 398 U.S. 144, 151-154. The wrongdoers point to no evidence herein.

### THE EVIDENCE

Under the rental housing laws of the District of Columbia, Avalon has not met its burden of proof to show the property exempt from rent control. The Certificate shows that the property contains 308 rental units. Thus the examiner's finding that Avalon filed a valid claim of

exemption is simply not true.

On December 2, 2005, the RHC ordered the examiner to specify the evidence relied on. To this date he has failed to act. Avalon <u>Exhibit B</u>.

### *BIRTH OF THE CONSPIRACY*

At the February 4, 2004 hearing, Avalon argued "The property (located at 4100 Massachusetts Ave., NW) is exempt from rent control." The hearing examiner then shut down the hearing, ran out of the hearing room, to the bathroom and back, perhaps, and announced, "the property is exempt from rent control," basing his position on documents in the RACD registration files, he said. *The only record evidence by which to determine whether Avalon is exempt or not is the Certificate of Occupancy.* <u>Exhibit A</u>. Clearly they conspired together and certainly they agreed.

### *RES JUDICATA*

Nothing in the language or legislative history of Section 1983 proves any congressional

5

intent to deny binding effect to a state-court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby has shown itself willing and able to protect federal rights. *Allen v. McCurry*, 449 U.S. 90, 102 (1980). The trial court, however, did not afford Appellant a full and fair opportunity to litigate his federal claims.

### CONCLUSION

Contra to Rule 52, Super.Ct.R.Civ.P., no reason is given for decision. As the earlier Rent Administrator decision lacks credible, reliable evidence, the subsequent trial court decision lacks evidence as well.

This 12th day of January 2006.

Respectfully submitted,

Russell L. Lee, Pro Se
#1319
4100 Massachusetts Ave., NW
Washington, DC 20016
202.364.1187

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellant Brief was mailed to the following address:

Nat N. Polito, Esquire
1828 L Street, NW, Suite 500
Washington, DC 20036

This 12th day of January 2005.

RUSSELL L. LEE

# EXHIBIT A

D.C. RENTAL
ACCOMMODATIONS OFFICE
RECEIVED

SEP 16 1982

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPT. OF LICENSES, INVESTIGATIONS AND INSPECTIONS
Room 101, Potomac Building, 614 H Street, N.W.
Washington, D. C. 20001

LICENSE

LICENSE NUMBER 026403

CUSTOMER NO. 92665

TYPE OF LICENSE, APPLICANT'S NAME & ADDRESS FOR WHICH ISSUED

APARTMENT       UNITS- 308
4100 MASS. AVE. ASSOCIATES
GENERAL PARTNER-WALLACE HOLLADAY
4100 MASS. AVE. N.W.

NAME AND MAILING ADDRESS
WALLACE HOLLADAY
4100 MASS. AVE. N.W.
WASHINGTON, D.C.   20016

IMPORTANT NOTICE

It is a violation of D.C. Regulation 73-22 "Human Rights Law" to discriminate for any reason other than lack of individual merit, including, but not limited to discrimination by reason of race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, family responsibilities, matriculation, political affiliation, physical handicap, source of income, and place of residence or business. Failing or refusing to comply with the above shall be a proper basis for the revocation, or suspension of this license.

THIS LICENSE VALID FROM:           TO:

JUL 1, 1982              OCT 31, 1982

PD & ISS    JUL 29, 1982
                          EILEEN HEMPHILL
                          DEPUTY ADMINISTRATOR
                          LICENSES AND PERMITS

THE LAW REQUIRES THIS LICENSE TO BE POSTED

---

Form LI-P-601 (Rev. 9/73)

CERTIFICATE OF OCCUPANCY

No. B130490

Washington, D.C.   May xx 6-25- , 19 82

Permission is hereby granted to   4100 MASS. AVE. ASSOCIATES
                                   AS GENERAL PARTNER-WALLACE HOLLADAY

to use the  1-Tower-14  floor(s) of the building located on Lot  2 , Square  1602

known as premises   4100 MASS. AVE. NW   for the following

purpose(s):   Apartment House----308-- Units

THIS CERTIFICATE SHALL BE POSTED CONSPICUOUSLY ON THE ABOVE PREMISES AT ALL TIMES. IT IS VALID INDEFINITELY, unless an expiration date is stated, ONLY for the premises, or part thereof, and for the purpose(s) indicated above, and IS NOT TRANSFERABLE to another person or premises under ANY conditions. ANY CHANGE in the type of business, ownership of business, or part of premises used therefor, will render this Certificate VOID and a NEW Certificate must be obtained.

ZONE  R5A

FEE  $ 616.89

Chief, Permit Branch
By _____
     Permit Clerk

DEPARTMENT OF LICENSES, INVESTIGATIONS AND INSPECTIONS GOV'T. OF DIST. OF COL.

EXHIBIT D

Form LII-P-601
(Rev. 2/83)

CERTIFICATE OF OCCUPANCY

No. B140678

Washington, D.C., 12-4, 19 84

Permission is hereby granted to 4100 [illegible] Associates

to use the Bsmt. levels & floor(s) of the building located on Lot 1070 Square 1601

known as premises floors 1 thru 14. 4100 Mass. Ave., N.W. for the following

purpose(s): Condominium Apartments - 308 Units

THIS CERTIFICATE SHALL BE POSTED CONSPICUOUSLY ON THE ABOVE PREMISES AT ALL TIMES. IT IS VALID INDEFINITELY, unless an expiration date is stated, ONLY for the premises, or part thereof, and for the purpose(s), indicated above, and IS NOT TRANSFERABLE to another person or premises under ANY conditions. ANY CHANGE in the type of business, ownership of business, or part of premises used therefor, will render this Certificate VOID and a NEW Certificate must be obtained.

DEPARTMENT OF LICENSES, INVESTIGATIONS AND INSPECTIONS GOVT. OF DIST. OF COL.

OFFICE COPY

ZONE

R5A

FEE $ 7.00

Chief, Permit Branch

By [signature]

Permit Clerk

RENTAL ACCOMMODATIONS & CONVERSION DIVISION RECEIVED

Jan 29 9 15 AM '94