## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **RUSSELL L. LEE,**<br><br>                **Plaintiff,**<br><br>      **v.**<br><br>**CARL BRADFORD, et al.,**<br><br>            **Defendants.** |

**Civil Action 05-01450 (HHK)**

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, Russell L. Lee brings this action against Carl Bradford, individually and in his official capacity, the District of Columbia Rental Housing Commission, Recita T. Evans, AvalonBay Communities, Inc. ("AvalonBay"), and Clarissa Thomas Edwards, alleging that they conspired to deprive him of his constitutional and statutory rights. Before the court are two motions to dismiss filed by AvalonBay and Edwards. Upon consideration of the motions, the oppositions thereto, and the record of the case, the court concludes that the motions must be granted. Furthermore, the court concludes that the complaint must also be dismissed as against the other defendants for lack of service of process.

### I.  BACKGROUND INFORMATION

Lee is a tenant residing in the District of Columbia at 4100 Massachusetts Avenue, NW, a housing accommodation managed by AvalonBay. In late 2003, Lee filed a tenant petition with the District of Columbia Rental Accommodations and Conversion Division, alleging that

AvalonBay had violated Title II of the Rental Housing Act of 1985, D.C. CODE § 42-3502, by

increasing his rent from $1,585 per month to $1,858 per month.  On May 24, 2004, defendant

Bradford, a hearing examiner in the District's Office of the Rent Administrator, concluded that

the housing accommodation where Lee lived was exempt from rent control and dismissed Lee's

petition.  Lee appealed to the Rental Housing Commission.  One day prior to the scheduled

appellate hearing, Edwards, who had been serving as Lee's attorney, withdrew from the case.

Lee appeared at the hearing, representing himself, and argued that Bradford erred by concluding

that Lee's rent was not subject to rent control.

Eight months later, before the Rental Housing Commission issued its ruling,[1] Lee filed a

complaint in D.C. Superior Court, alleging that Bradford, the Rental Housing Commission,

AvalonBay, Edwards, and others, had conspired to deprive him of his constitutional and statutory

rights.  Lee's complaint in Superior Court, in all pertinent aspects, was dentical to the complaint

filed in this case.  On June 13, 2005, the Superior Court granted AvalonBay's motion to dismiss,

which had argued that Lee had failed to state a claim upon which relief could be granted, and

dismissed the complaint as it pertained to AvalonBay.  Each of the other defendants was

subsequently dismissed from the case as well.  Lee appealed, and the D.C. Court of Appeals

affirmed on April 24, 2006.

On July 22, 2005, after his complaint was dismissed in Superior Court, Lee filed a nearly

identical complaint in this court.  Despite the fact that two of the defendants—AvalonBay and

---

[1]    The Rental Housing Commission resolved Lee's appeal on December 2, 2005, re-opening
the record due to a procedural error and remanding the case to Bradford.

Edwards—have filed motions to dismiss, the docket does not indicate that any of the defendants have yet been served.[2]

## II. ANALYSIS

Both AvalonBay and Edwards move to dismiss Lee's complaint, arguing alternatively that Lee's complaint is barred by the doctrine of res judicata and that it fails to state a claim. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also I.A.M. Nat'l Pension Fund v. Industrial Gear Mfg. Co.*, 723 F.2d 944, 946–47 (D.C. Cir. 1983). A claim is precluded as res judicata if the following elements are present: "(1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *Polsby v. Thompson*, 201 F. Supp. 2d 45, 48 (D.D.C. 2002).

Here, AvalonBay has established all of the required elements of res judicata. First, the parties to the Superior Court case brought by Lee are identical to the those in the instant case. Moreover, by granting AvalonBay's motions to dismiss for failure to state a claim, the Superior Court—a court of competent jurisdiction—entered a final judgment on the merits. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (dismissal under Rule 12(b)(6) is a final judgment for purposes of res judicata).[3] Finally, given the identical nature of the two complaints,

---

[2]     While neither AvalonBay nor Edwards has been served, both waived any insufficiency of service argument by failing to raise it in their motions to dismiss. *See* FED. R. CIV. P. 12(h)(1).

[3]     Lee suggests that the order dismissing AvalonBay from the Superior Court case should not be given preclusive effect because "no reason is given for decision [*sic*]." Pl.'s Opp'n to AvalonBay's Mot. at 6. The court rejects this argument, for "it should be clear that a decision may be 'on the merits' even though it is reached by unpublished opinion, or without opinion or

it is clear that the same causes of action are present in both suits. Accordingly, the court grants AvalonBay's motion to dismiss.

The claims against Edwards are not, however, barred by the doctrine of res judicata. While there is an identity of parties and claims in the two suits, Edwards dismissal from the litigation in Superior Court was not on the merits. Rather, a review of the Superior Court docket indicates that Edwards was dismissed on July 22, 2005 for lack of service of process. As such dismissals are without prejudice and are not "on the merits," they lack preclusive effect.

Alternatively, Edwards argues that the Lee's complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[4] The court agrees. In the District of Columbia, civil conspiracy has four elements: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4)

---

other explanation." 18A ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4435 (2d ed. 2002).

[4] A court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Martin v. Ezeagu*, 816 F. Supp. 20, 23 (D.D.C. 1993) (internal quotations omitted); *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (stating that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In addition, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged").

Allegations of a *pro se* complaint are held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Though a court will read a *pro se* plaintiff's complaint liberally, a *pro se* plaintiff retains the burden of presenting a claim upon which the court can grant relief. *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Other than the legal assertion that defendants conspired together, which the court need not credit, *see Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004), Lee's complaint fails to allege any agreement whatsoever between Edwards and any of the other defendants, much less an agreement "to participate in an unlawful act, or in a lawful act in an unlawful manner." *Weishapl v. Sowers*, 771 A.2d 1014, 1023 (D.C. 2001). Rather, all Edwards is alleged to have done is withdraw from her representation of Lee, assertedly because his case "was unwinnable." Compl. ¶ 11. Because it is not a reasonable inference from this allegation that Edwards conspired with the other defendants, the court grants Edwards's motion to dismiss.[5]

Finally, the court also dismisses, *sua sponte*, the claims against the remaining defendants. On November 29, 2005, the court ordered Lee either to file proof that this action had been served on defendants or provide a written explanation for why service of process had not been completed. Lee was explicitly informed that, should he fail to comply with the court's order, "this action will be dismissed without prejudice." Thereafter, the court granted Lee's motion to extend the time within which to serve his complaint until January 16, 2006. Because Lee has

---

[5]    Edwards also moves for attorney fees and sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, arguing that Lee's complaint is baseless and frivolous. Such motions for sanctions under Rule 11(c) must be filed separately from other motions and may not be filed until 21 days after service of the motion on the opposing party. *See* FED. R. CIV. P. 11(c)(1)(A).

       Because it does not appear that Edwards has met either of these requirements, her motion for sanctions is denied. *See Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) (holding that it is an abuse of discretion for a court to grant a party's motion for sanctions under Rule 11 when such motion was not made separately, was only included in the memorandum addressing other issues before the court, and was not served on the opposing party 21 days before filing); *Taylor v. Blakey*, 2006 U.S. Dist. LEXIS 6859 (D.D.C. Feb. 6, 2006).

neither filed proof of service nor provided a written explanation as to why service has not been completed, the court shall dismiss the complaint, as it pertains to Bradford, the Rental Housing Commission, and Evans, without prejudice.  *See* FED. R. CIV. P. 4(m).

### III.  CONCLUSION

Accordingly, it is this 30th day of August, 2006, hereby:

**ORDERED** that Clarissa Thomas Edwards's Motion to Dismiss [#2] is **GRANTED**; and it is further

**ORDERED** that Clarissa Thomas Edwards's Motion for Sanctions and for Attorneys Fees [#2] is **DENIED**; and it is further

**ORDERED** that AvalonBay Communities, Inc.'s Motion to Dismiss [#9] is **GRANTED**; and it is further

**ORDERED** that the complaint in this action is **DISMISSED WITH PREJUDICE** as it pertains to AvalonBay Communities, Inc. and Clarissa Thomas Edwards; and it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 4(m), the complaint in this action is **DISMISSED WITHOUT PREJUDICE** as it pertains to Carl Bradford; the Rental Housing Commission; and Recita T. Evans.

Henry H. Kennedy, Jr.
United States District Judge

6